## NORRELL v. AUGUSTA RAILWAY & ELECTRIC CO.

1. Prescription does not run against a municipal corporation in regard to land held for the benefit of the public.
2. Accordingly, where a certain strip of land is conveyed to a municipal corporation for use as a public street, and the authorities accept the deed but open and use but one half, longitudinally, of the land, adverse possession of the remainder by a private individual can not ripen into a prescriptive title, although such possession is under a deed from the dedicator subsequent to the deed to the municipality.

Argued June 30, — Decided August 9, 1902.

Action for trespass.   Before Judge Brinson.   Richmond superior court.   October 23, 1901.

*E. H. Callaway*, for plaintiff.   *Boykin Wright*, for defendant.

SIMMONS, C. J.   Suit was brought by Norrell against the Augusta Railway and Electric Company.   The defendant demurred to the petition, and the court sustained the demurrer.   The plaintiff excepted.   From the petition it appeared that in 1840 Edward Thomas owned certain land immediately north of the right of way of the Georgia Railroad, this land being then beyond the limits of the city of Augusta, but since 1870 within the limits. Thomas by deed conveyed to the county authorities having charge of the county roads a strip of land 70 feet in width off of the south of his land, this strip lying between the railroad right of way and the remaining lands of Thomas, and extending for some 160 feet east and west.   This strip was definitely and fully described in the deed, which expressed as its consideration the benefits the grantor and his heirs and assigns expected to derive from the opening of a road thereon.   The deed stated that the grantor conveyed

116  313
116  321

116  313
118  601

116  313
119  732

116  313
120  955
126  313
577

116  313
127  433

this land "on which to locate and open a public road from the city of Augusta to the Turknett Springs road." The county authorities accepted this deed, and immediately proceeded to locate a road upon the strip conveyed. This road was opened only 35 feet wide, occupying the half of the strip which was next to the remaining lands of the grantor. The road so opened was known as "Railroad avenue." The unused strip, 35 feet wide, lay next to the railroad right of way the entire length of the strip. The possession of this portion, unused by the county authorities, was retained by Thomas, who, in 1845, made a deed of his lands to Hight and included therein "all right, title, and interest of the [grantor] to a narrow strip of land between said railroad and said Railroad avenue or public road, so far as said narrow strip of land fronts the land herein conveyed only." Hight went into possession under this deed and retained possession until 1861, when he conveyed to plaintiff's father all of the land conveyed to him by Thomas, including the strip between the railroad and the public road. By subsequent instruments this property was conveyed to the plaintiff. The possession of the plaintiff and his predecessors in title was continuous from the time of Edward Thomas to the year 1900. During part of this time plaintiff used the land between the railroad and the public road as a wood-yard and one of his tenants erected a "shanty" on it. During all of this time the public road was never widened. In 1900, the City Council of Augusta authorized the defendant to lay a spur-track across Railroad avenue from an adjoining cross-street. The defendant laid the track upon a portion of the strip which was in the possession of the plaintiff, took possession of the entire unused strip, and used part of it for piling and storing iron rails. This was done over the remonstrance of the plaintiff, who thereupon filed this petition. The petition alleged that the land in dispute was worth $1,000, and prayed, as actual and vindictive damages for the defendant's trespass, $2,000.

That prescription does not in any case run against the State itself is no longer open to question. *Glaze* v. *Railroad Co.*, 67 *Ga.* 761; *Kirschner* v. *Railroad Co.*, Ibid. 760. There is also no doubt that when the city limits of Augusta were extended so as to include this land, the road became a city street and the city succeeded to the rights and jurisdiction of the county over it. We are also clear that by the acceptance of the deed the authorities ac-

cepted the entire tract conveyed by Thomas, and there can arise in this case no question as to an acceptance of only such part of the land as was actually used. The entire tract was accepted by the acceptance of the deed, and the failure to use all of it immediately was not such an act as could be construed as an abandonment of the unused portion. Nor does the petition present a case in which the doctrine of estoppel could be invoked and the city estopped to set up its title. We are therefore squarely confronted with the question whether prescription will run against a municipal corporation so that adverse possession of a part of a street may bar the city of the right to recover it. This question has many times been passed upon by various courts, but has never been expressly decided by this court, though this court did, in *City Council of Augusta* v. *Burum*, 93 *Ga.* 68, 73, in an action against a municipal corporation, say: "Although . . in Georgia the maxim 'nullum tempus occurrit regi' had been abrogated, we are quite certain that no statute of limitations or prescription of any kind could so operate as to abridge in any manner the exercise of the legitimate legislative powers of the State, conferred by the people for the common welfare of all. In this sense, at least, the kindred maxim 'nullum tempus occurrit reipublicæ' is still of force, and it is applicable to a city council, so far as its legislative powers conferred upon it by statute are concerned, as well as to the State itself, the city government being, in this respect, a part of the lawmaking power of the commonwealth." After a careful consideration of the question, we are of opinion that the better view is that prescription does not run against a municipal corporation in regard to land held by it for the benefit of the whole public. While it may be entirely proper to apply the doctrine of adverse possession and prescription to a city in matters in which it is concerned in a capacity which is private rather than governmental in its nature, we think that adverse possession by an individual of property held by a city for the benefit and use of the whole public should not be allowed to ripen into a prescriptive title. The city is in some respects not a division of the State, but it is at least an agent of the State exercising, within certain limits, governmental functions and powers. If prescription does not run against the State, it should not run against a city in respect to rights which are entrusted to the city for the benefit of the public generally and as to which it exercises governmental pow-

ers. A municipal corporation is entrusted with the care and control of its streets for the use and benefit, not of its own inhabitants merely, but of the whole public, and prescription, which does not run against the State, should not run against its trustee. Every unauthorized encroachment upon a street, by which its use is in danger of impairment, is a public nuisance and can not be justified or sanctified by the lapse of time, however great. See Tiedeman, Mun. Corp. § 312. The doctrine of prescription is based on a presumption, after long-continued adverse possession, that the possession is under a grant. Where the land so held is a part of a city's streets and the city has no power to make a grant, it would seem that this presumption should not arise. Courts will not presume a grant where no grant is possible. For these reasons we believe that the better doctrine is as above stated, though there are not a few very respectable authorities to the contrary. For summaries of the decisions on this question and some of its immediate branches, see Dill. Mun. Corp. (4th ed.) §§ 673 – 675; 1 Am. & Eng. Enc. L. (2d ed.) 878 et seq.; notes to Meyer v. Graham, 18 L. R. A. 146.

It follows that the City of Augusta had title to the land in dispute in the present case, and that the plaintiff was himself a trespasser and had no title. The defendant went into possession under authority from the owner, and the plaintiff certainly can not recover damages for the defendant's use of the land in so far as the same was authorized and a proper use of a highway. It was contended, however, that piling up and storing iron rails is not a proper use of a street, and that the defendant is at least liable for maintaining such a nuisance. The facts alleged in the petition show that this alleged nuisance is maintained directly in front of plaintiff's residence and immediately across the opened street therefrom, and that it is unsightly; but it does not appear that it interferes with his ingress or egress or that he suffers any other special injury. Be that as it may, the petition seeks damages for a trespass upon land belonging to the plaintiff, and under such a petition the plaintiff can not recover damages as for the maintenance of a nuisance in a public highway. The court below was therefore right in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*