## SAVANNAH ELECTRIC COMPANY v. PEDRICK.

Under the facts appearing in the present case there was no error in refusing to grant an injunction.

Argued July 1,—Decided August 9, 1902.

Petition for injunction. Before Judge Barrow. Chatham superior court. April 1, 1902.

*Osborne & Lawrence,* for plaintiff.
*R. R. Richards,* for defendant.

COBB, J. This was an application by a street-railway company to enjoin Mrs. Pedrick from erecting a building near its track in the town of Warsaw. The ground upon which the injunction was sought was that the street-railway company had been for a number of years, with the knowledge and consent of Mrs. Pedrick and her predecessors in title, operating its line of railway near her property, and that the building she was erecting to replace a building which had been burned was nearer the track of the railway than the destroyed building was; that a portion of the building now being erected was within the limits of a street of the town; that it was so near the railway as to render it a menace to persons traveling upon the railway; that it was an obstruction to the public and should be enjoined. The defendant maintained in her answer that the building being erected by her was not as near the track of the railway company as the old building which had been destroyed; that she and her predecessors in title had been in adverse possession of the land upon which the building was being erected for more than seven years under written evidence of title; and that no part of the building was in a public street of the town. The judge refused to grant the injunction, and the plaintiff excepted.

While the evidence was conflicting upon some of the material points in the case, there was evidence from which the judge could find that the building being erected was not as near the track of the railway company as the one which was destroyed, and that no part of the land covered by the building had ever been a portion of a public street in the town of Warsaw. If this was true, no injunction should have been granted; and as the judge was authorized to find from the evidence that this was the case, his judgment

refusing the injunction will not be disturbed.  Under this view of the case, the question whether prescription will run against a municipal corporation is not involved; but see, in this connection, *Norrell* v. *Railway Company*, 116 *Ga.* 313.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*