## PITTS *v.* WHITEHEAD, administrator.

1. A deed in which the description is so indefinite as to afford no means of identifying any land is inoperative either as a conveyance of title or as color of title.

2. In a suit in ejectment by an administrator, where the defendant was the plaintiff's predecessor as administrator of the estate but claims the land under a deed from another, evidence of an application by defendant, as administrator, to sell certain lands of the estate and of an order of the court of ordinary granting this application, the land sued for not being embraced in either the application or the order, is irrelevant.

3. The other questions made will probably not again arise in this case, and therefore will not be passed upon.

Argued December 12, 1904.— Decided January 27, 1905.

Ejectment.   Before Judge Butt.   Harris superior court.   July 16, 1904.

*J. H. Martin* and *J. B. Burnside,* for plaintiff in error.
*Hatcher & Carson,* contra.

SIMMONS, C. J.   An action of ejectment was brought against Pitts by A. H. Whitehead, as administrator of the estate of John T. Whitehead, to recover a tract of land, part of lot 271, in the 17th district of Harris county, Georgia.   Plaintiff relied upon a deed from Echols to John T. Whitehead and the possession of John T. Whitehead and of plaintiff as administrator; also upon an assignment of dower to Catherine T. Whitehead, the widow of John T., and the termination of the dower estate by the death of the widow.   The defendant pleaded the general issue, title by prescription based on twenty years adverse possession, and possession for seven years under deed from Mary Whitehead.   The evidence was conflicting, the case turning principally upon the question as to the location of a dividing line.   There was a verdict for the plaintiff, and the defendant made a motion for a new trial.   This was overruled, and the movant excepted.

1. Complaint was made of the admission in evidence of the deed from Echols to John T. Whitehead, purporting to convey "all that tract or parcel of land containing two hundred and fifty-five acres, more or less, it being part of lot two hundred and seventy, and part of lot two hundred and seventy-one, and part of lot two hundred and seventy-four, part of lot two hundred and seventy-two, all in the 17th district of Harris county." The objection made was that this deed was void for uncertainty, there being no sufficient description of the land conveyed.   That the description in this particular deed was so indefinite as to afford no means of indentifying the land sought to be conveyed, and that the deed was, therefore, inadmissible in evidence either as a conveyance of title or as color of title, see *Luttrell* v. *Whitehead,* this day decided, ante, 699.

2. Complaint was made of admitting in evidence the minutes of the court of ordinary, showing (1) the application of Pitts, the present plaintiff in error, who had preceded defendant in error as administrator of the estate of John T. Whitehead, for leave to sell certain lands of the intestate, and (2) the order of the court

of ordinary granting this application. Neither the application nor the order embraced any part of lot 271, in which is located the land involved in the present suit, and upon this ground defendant objected to this evidence. The application and order had nothing to do with the land in dispute. They did not embrace it or refer to it, and were not admissible for any purpose.

3. For the errors above pointed out, the judgment refusing a new trial must be reversed. The only other grounds of the motion for new trial related to charges of the court which were excepted to because of certain verbal inaccuracies. Against these the trial judge will doubtless guard on the next trial, and it is not necessary, nor would it be profitable, to discuss them at length.

*Judgment reversed. All the Justices concur.*