AUSTIN *v.* MAYOR AND COUNCIL OF MADISON *et al.*

The charge of the court authorizing the jury to find in favor of the municipality, which was seeking to appropriate a strip of land as a part of a public street, in case they should find that such strip had ever been a part of a public street, although a deed of conveyance to the petitioner, who sought an injunction against the city to restrain it from taking possession of the land, covered the strip in question and she had been in possession of it for twenty years or more, was error, because there was no evidence to show that the land in question had ever been a part of a public street or that the city had ever acquired it by grant, dedication, prescription, or in any other manner.

No. 2828. MAY 19, 1922.

Equitable petition. Before Judge Park. Morgan superior court. September 6, 1921.

*Anderson & Wood,* for plaintiff.

*E. H. George, T. H. Burruss,* and *E. R. Lambert,* for defendants.

BECK, P. J. The plaintiff in this case brought her petition against the defendants, the Mayor and Council of the City of Madison, and others. She alleged, that she was a resident of the City of Madison; that she owned and occupied a house and lot in that city, fronting on what is known as the old Madison-Monticello public road; that the road has been there for seventy years or more; that the mayor and council and one Barnett, who owned property across the road in front of plaintiff's lot, were endeavoring to straighten said street or road and thereby carry the same over and across petitioner's front yard; and that she and her predecessors in title had been in possession of the premises for fifty years or more. She prayed for injunction to restrain the defendants from so widening or straightening the street as to include a part of her property; and for other equitable relief. The defendant municipality, in its answer, alleged that the strip of land which the plaintiff claims is and was formerly a part of the public street in the City of Madison. When the case came on for trial it was submitted to the jury under the charge of the court; and the jury returned a verdict for the defendants. The plaintiff made a motion for new trial, which was overruled, and she excepted.

There was evidence tending to show that the plaintiff had been in possession of the strip of land in controversy under an adverse claim of right for more than twenty years, under such circum-

stances that she would have acquired a prescriptive title to it, had the contention been between her and a private individual against whom title by prescription could have been acquired.. If the strip of land in question, however, was ever a part of the street — if the city had ever acquired it as a part of its road or street, the plaintiff could not have acquired by prescription such title to the strip as would authorize her to hold it as her own and adversely to the municipality. In the case of *Norrell* v. *Augusta Railway &c. Co.*, 116 *Ga.* 313 (42 S. E. 466, 59 L. R. A. 101), it was said: "The city is in some respects not a division of the State, but it is at least an agent of the State exercising, within certain limits, governmental functions and powers. If prescription does not run against the State, it should not run against a city in respect to rights which are entrusted to the city for the benefit of the public generally, and as to which it exercises governmental powers. A municipal corporation is entrusted with the care and control of its streets for the use and benefit, not of its own inhabitants merely, but of the whole public; and prescription, which does not run against the State, should not run against its trustee. Every unauthorized encroachment upon a street, by which its use is in danger of impairment, is a public nuisance and can not be justified or sanctified by the lapse of time, however great. See Tiedeman, Mun. Corp. § 312. The doctrine of prescription is based on a presumption, after long-continued adverse possession, that the possession is under a grant. Where the land so held is a part of a city's streets and the city has no power to make a grant, it would seem that this presumption should not arise. Courts will not presume a grant where no grant is possible." But where there was evidence, as in this case, showing prima facie a prescriptive title in the complainant in a strip of land which the city insists is a part of its street, which is denied by the complainant, then, in the absence of evidence tending to show that the defendant had once acquired this strip of land or that it had once been a part of a street, a charge depriving the plaintiff of the benefit of evidence showing that she had acquired prescriptive title to the property would be error. In the present case there was evidence from which the jury would have been authorized to find that the plaintiff had acquired prescriptive title to the land in question, by twenty years occupancy; and after searching the

record we find no evidence to show or tending to show that the municipality had by grant, dedication, or prescription obtained the title to the property. It is true that as far back as sixty or seventy years a road, a part of which is now the street in question in the city, existed there, and was of such a width that the uniformity of that width is destroyed by allowing the claim of the plaintiff here; yet that fact alone will not suffice to prove that the city acquired this strip of land as a part of its street. There is some evidence in the record showing that the land in question, at one time, was not enclosed, that people passed over it, that boys played on it and assembled there for sport and recreation. But evidence more definite than this must be adduced to authorize a finding that it was a part of a street. *Bryans* v. *Almand, 87 Ga.* 564 (13 S. E. 554). The fact that the jury viewed the premises should not be allowed to alter the case. It does not appear that any evidence was discoverable by them tending to show that the strip of land in question was once, before prescription began to run in favor of the plaintiff, used as a street or that it had been acquired by the public. That being true, the court erred in charging the jury that if they were satisfied by the preponderance of the evidence in the case that the land in question had at any time been a part of the street, though it was covered by a deed to the plaintiff and she had been in possession of it for twenty years or more, the verdict should be in favor of the defendants. Such a charge was unauthorized by the evidence.

*Judgment reversed. All the Justices concur.*