## MARY A. MAHAN *vs.* TOWN OF ROCKPORT.

Essex.   March 6, 1934. — June 6, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT & LUMMUS, JJ.

*Way,* Public: layout, discontinuance, adverse possession by abutter, entry.   *Easement,* Abandonment by nonuser.   *Adverse Possession. Evidence,* Presumptions and burden of proof.

Where, at the hearing of a petition, filed in the Land Court in January, 1933, to register the title to land lying within the location of a way purported to have been laid out as a town way in 1889, it appeared that neither the petitioner nor any previous owner of such land had taken action before the filing of the petition to remove the cloud cast on the title by the layout, it properly might be presumed, although not conclusively, that every act essential to a valid layout had been performed; and a finding that it was valid was warranted.

A public way once duly laid out continues to be such until legally discontinued; and, by reason of the provisions of G. L. (Ter. Ed.) c. 82, § 21, a town way duly laid out can be discontinued by vote of the town and not otherwise.

The rights of the public in the whole width of a way laid out by the selectmen of a town and accepted by the town in town meeting in 1889 were not lost by a construction and use of the way for only a part of the width, although at the time of the layout a part of a dwelling house and a wall occupied some of the portion not constructed or used and the owner thereof remained in undisturbed possession for over forty-three years.

By reason of the provisions of St. 1917, c. 344, Part II, § 74, the landowner had not acquired title by adverse possession to any part of the way above described under the provisions of Pub. Sts. c. 54, § 1.

The entry upon any part of the location of the way laid out as above described for the purpose of constructing the way was a taking of possession of all the land included in the layout.

Mere lapse of time and nonuser of a portion of the location above described were not sufficient to sustain a finding that the public easement in such portion was abandoned.

PETITION, filed in the Land Court on January 10, 1933, for the registration of the title to land in Rockport.

The petition was heard by *Smith,* J.   He found and ruled as follows in substance:

"I find and rule that under the proceedings aforesaid the town made a valid layout of Curtis Street, that it took an

easement but not a fee. Nor can the petitioner claim adverse possession against the layout, under Pub. Sts. c. 54, § 1, because the forty year clause was undercut by St. 1917, c. 344, Part II, § 74, — see G. L. (Ter. Ed.) c. 86, §§ 2, 3 — and *Driscoll* v. *County Commissioners*, 268 Mass. 162. . . .

"However, it would be strange if, after the lapse of forty-four years and no entry on the part of locus included in the original layout, the respondent municipal corporation can still order a truck load of employees to drive up any morning and excavate an area of Miss Mahan's lawn and flower beds, remove her stone wall along the actual way which was built and has been travelled since the Waite firm constructed it in 1889, and chop off a part of her dwelling house, both house and wall being in the same position today as when the way was laid out and constructed in 1889.

"I rule the town took an easement, and that an easement can be abandoned in whole, or in part, and an election made to exercise rights under the easement within a lesser area. I find as a fact on all the evidence that the inhabitants of Rockport have abandoned their easement as now claimed over any part of locus shown on the filed plan."

Other material facts found by him and stated in his decision are described in the opinion. The town of Rockport appealed from the decision.

*F. H. Tarr, Jr.,* for the respondent.

*W. H. Healey,* for the petitioner, submitted a brief.

PIERCE, J. This is a petition to register the title to land in Rockport, Massachusetts, on the north side of Curtis Street at its junction with Granite Street. The record title of the petitioner is confined to the middle section of said land on which the dwelling house and its projections rest. The town of Rockport asserts that the petitioner's claim encroaches on a town way, to wit: said Curtis Street forty feet wide, laid out by the selectmen and accepted by a vote of the town at its annual meeting March 4, 1889.

Pub. Sts. c. 49, § 65, in force in 1889, provides that selectmen "may lay out or alter town ways." Section 67 requires that, seven days previous to any layout, notice of such intention shall be given to the owner of the land

affected. Sections 68 and 69 relate to the assessment of damages to be paid after entry to construct. Section 71 provides that the action of the selectmen shall be reported to a meeting of the inhabitants and accepted at such meeting, and the layout must be filed with the town clerk seven days before the town meeting.

The record does not disclose that the petitioner, or any person through whom she derives her title, ever asserted against the defendant town an ownership in fee simple in the described layout. The lapse of time between March 4, 1889, when the town at its annual meeting accepted the layout of the selectmen, and the date of the petition, December 16, 1932, without action by the petitioner or by any owner of the land under whom she claims title to remove the cloud on her or their title cast by the acceptance of the layout of the selectmen, established presumptively, not conclusively, the performance of every act by the selectmen and town essential to the validity of Curtis Street. *Blossom* v. *Cannon*, 14 Mass. 177. *Commonwealth* v. *Carr*, 143 Mass. 84, 88. *Packard* v. *Old Colony Railroad*, 168 Mass. 92, 98. *McDonough* v. *Everett*, 237 Mass. 378, 381.

Assuming all statutory requirements preliminary to the legal layout of the road called Curtis Street were complied with when the way was accepted by the town at its annual meeting on March 4, 1889, we turn to the report of the selectmen, filed in the office of the town clerk, which was accepted by the town on March 4, 1889, and ascertain therefrom that the way was laid out and located according to the following description, to wit: "Beginning at a point on the westerly side of said Main Highway near the residence of the late John Murray and twenty feet from a stake by land of heirs of Mayhew Main, thence running South 68° 15′ West over land of said heirs and heirs of said John Murray 114.3 feet to a bolt in the ground . . . said way is laid out 40 feet in width 20 feet on each side of the above described lines." The plan of 1933, attached to the record and which is a part of the plan in the engineering files of the Land Court, shows that the layout line opposite the locus on the south side of the way ran southwest by

the old wall then existing to the first deflection west of the house on the locus, leaving a clear space of about twenty-nine feet at the narrowest point. The town divided the building of the way into three sections and made contracts, with specifications, for the construction of each section. Each of these sections, including the locus, was built during the year 1889. The travelled part of the way was not constructed to the full width of the way as laid out. The land which the petitioner wishes to register is situated between the travelled part of said way and the northerly line of the way as originally laid out. As shown by the plan annexed to the record the dwelling house encroaches upon the way but not on the travelled part thereof. The judge of the Land Court ruled that the town made a valid layout of Curtis Street, and that it took an easement in the land claimed by the petitioner but not the fee. He ruled that the "town took an easement, and that an easement can be abandoned in whole, or in part, and an election made to exercise rights under the easement within a lesser area." He found "as a fact on all the evidence that the inhabitants of Rockport have abandoned their easement as now claimed over any part of locus shown on the filed plan."

There are no facts shown by the record, other than non-user of part of the location, to warrant the finding of abandonment of the easement taken but not used for travel. It is settled that a public way once duly laid out continues to be such until legally discontinued. *Preston* v. *Newton*, 213 Mass. 483, 485. A town way may be discontinued by vote · of the town and not otherwise. G. L. (Ter. Ed.) c. 82, § 21. *Eklon* v. *Chelsea*, 223 Mass. 213. The rights of the public in the whole width of the way as laid out by the selectmen, and accepted by the town in town meeting, were not lost by using less than the whole width of the way. *Harrington* v. *County Commissioners*, 22 Pick. 263, 265, 268. Compensation to land owners is based on the full width taken even though part of it is not constructed for travel. *Como* v. *Worcester*, 177 Mass. 543. *Vye* v. *Medford*, 266 Mass. 208, 213. See *Driscoll* v. *County Commissioners*, 268 Mass. 162, 166.

On the facts the petitioner did not acquire title by adverse

possession to any part of the disputed way under the provisions of Pub. Sts. c. 54, § 1, because the right to acquire such title was limited, and, so far as the petitioner is concerned, was taken away by St. 1917, c. 344, Part II, § 74, now G. L. (Ter. Ed.) c. 86, § 3. The Land Court so found without formal objection by the petitioner. The Land Court's decision that the locus was abandoned obviously is based on the fact that the area, at least that portion covered by a part of the buildings of the petitioner, must be presumed to be abandoned if it is not used for highway purposes for a period of forty years from the date of the layout and acceptance by the town. The entry upon any part of the location for the purpose of constructing the way was a taking of possession of all the land included in the layout. Pub. Sts. c. 49, § 88. *Wheeler* v. *Fitchburg,* 150 Mass. 350. The lapse of time is not sufficient to sustain the finding that the easement or any part of it was abandoned. This is especially true since St. 1917, c. 344, Part II, § 74. It follows that the ruling and finding of the judge of the Land Court that the petitioner has title proper for registration of the land shown on the plan filed not subject to any easement in favor of the town of Rockport was wrong, and for that reason must be reversed.

*So ordered.*