20202. STATE HIGHWAY DEPARTMENT *v.*
STRICKLAND *et al.*

SUBMITTED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Ariel V. Conlin, Deputy Assistant Attorney-General,* for plaintiff in error.

*W. A. Zorn,* contra.

MOBLEY, Justice. In its bill of exceptions, the State Highway Department of Georgia, the defendant below, excepts to the allowance of an amendment filed February 24, 1958, to the judgment of the trial court overruling the general demurrers to

each of the three counts contained in the amendment and granting an interlocutory injunction restraining and enjoining the defendant as prayed.

When this case was here before (State Highway Department v. Strickland, 213 Ga. 785, 102 S. E. 2d 3), this court held that count two of the petition, alleging that the defendant was attempting to install concrete curbs upon a portion of the plaintiffs' property, stated a cause of action for injunctive relief to restrain the defendant from trespassing upon or taking the plaintiffs' property for public use, affirmed the trial court in this respect, but reversed that part of the judgment granting an interlocutory injunction because the evidence introduced on the interlocutory hearing did not sustain the allegations of count two.

When this case went back to the trial court, the plaintiffs amended their petition by adding three additional counts, three, four, and five. In count two of their petition, they allege that they own a tract of land in Jesup, Georgia, at the northern corner of Cherry Street and Fifth Street, according to the official map of the City of Jesup, describing the easement to include twenty-two feet of the paved portion of said street. In counts three, four, and five, they allege ownership as successors in title to said tract of land acquired on March 7, 1946, by named parties, which deed describes the property as being bounded on the southwest by Cherry Street.

The first seventeen paragraphs of counts three, four, and five are the same in each count. Stated briefly, they allege that, at the time the petitioners acquired the above property, which faced Cherry Street, the only part of Cherry Street developed was a 20-foot strip of pavement, and that they, in order to have access to their building, filled in the area between the pavement and the building; that the entire area was undeveloped except for the 20-foot strip of pavement; that they and their predecessors in title have continuously since 1946 used and occupied the area between the pavement and their building and have been in exclusive possession of same under a claim of right; that the city granted them a permit to build their building, knowing that they planned to use the area between their building and the pavement for the parking of trucks while being loaded and un-

loaded; that it is necessary in the use of their building to use said area; that neither petitioners nor their predecessors in title have conveyed, granted, or dedicated any portion of said property to the City of Jesup or to the State Highway Department of Georgia, nor has any use by the City of Jesup, the State Highway Department, or the public resulted in any easement for street or highway purposes, nor has the City of Jesup accepted any offer of dedication of said property, either express or implied; and that the defendant, in making certain improvements in Cherry Street, has threatened to enter and has entered the property of the plaintiffs for the purpose of installing curbs. The additional allegations, other than the seventeen common to all three counts, are discussed in the body of the opinion.

■ There is no merit in the contention of the defendants in error that the only issue before this court is the judgment of the trial court granting an interlocutory injunction, as, under an amendment to the Rules of Practice and Procedure (Ga. L. 1957, p. 231, approved by the Governor March 7, 1957), it is provided as follows: "Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final, or was subject to review by some other express provision of law contained in this section, or elsewhere." Clearly, under this amendment, the judgment of the trial court overruling the general demurrers is reviewable by this court at this time, since the case is properly before us on the judgment on the interlocutory injunction.

■ This court having held that count two of the petition stated a cause of action, when the case was returned to the trial court it was then pending in the trial court for trial upon count two. The petition was amendable. Code § 81-1301. The plaintiffs' amendment setting up the three additional counts was not subject to the objection made that it set out new causes of action. "No new and distinct cause of action is added to a petition by an amendment which contains additional matter descriptive of

the same wrong pleaded in the original petition, and which does not plead any other or different wrong. *Central R. Co.* v. *Wood,* 51 *Ga.* 515; *Skidaway S. R. Co.* v. *O'Brien,* 73 *Ga.* 655; *Henderson* v. *Central Railroad Co.,* 73 *Ga.* 718; *Cox* v. *Murphey,* 82 *Ga.* 623; *Roughton* v. *Georgia R. Co.,* 109 *Ga.* 604, overruled in so far as they conflict with the above." *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5) (48 S. E. 318).

The single wrong complained of in this case is the erection of the curbs so as to obstruct the petitioners in the use of their building. "So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action . . . A single wrong may, however, be composed of numerous elements and shown by various facts. . . . The facts are merely the means, and not the end . . . Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown." *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 791, supra. See also *Milton* v. *Milton,* 195 *Ga.* 130, 133 (23 S. E. 2d 411). The trial court properly allowed the amendment.

■ In addition to the first seventeen paragraphs, it is alleged in count three that the defendant and the City of Jesup are estopped from denying that the petitioners are the rightful owners of the property upon which the curbs are proposed to be installed, since they, well knowing the facts, failed to object to the manner of construction of the petitioners' building; that the City of Jesup, by granting a permit to construct the building, renounced any claim it may have had to said property; and that it would be unconscionable and inequitable for the City of Jesup or the defendant to remain silent and allow petitioners to act to their detriment in locating said building and now to contend that petitioners are not entitled to use said building as owners thereof.

It will be noted that the property to which the petitioners claim title is bounded on the southwest by Cherry Street; that the boundary line between their property and Cherry Street is not defined; that there is no controversy as to the location of petitioners' building upon their own property; and that the en-

tire controversy is over the strip between the pavement of Cherry Street and petitioners' building. The allegations that ". . . nor has any use by the City of Jesup nor the defendant nor the public resulted in any easement for street or highway purposes to the property in question," and ". . . that at no time has the City of Jesup by action of its officers accepted any offer of dédication of said premises by its actions, either express or implied," are mere conclusions of the pleader, not supported by facts and would not be admitted by general demurrer. See *Mayor &c. of Forsyth* v. *Hooks*, 182 *Ga.* 78, 82 (184 S. E. 724). Construing count three of the petition as a whole and most strongly against the petitioners on general demurrer, it simply alleges acquisition of title to said strip of property by adverse possession and that the City of Jesup and the defendant are estopped to deny them the use of said strip of property by adverse possession; and that the City of Jesup and the defendant are estopped to deny them the use of said strip of property by standing by and permitting them to erect their building, knowing that said strip would have to be used by them in the loading and unloading of trucks. "No prescription runs against the State." *Glaze* v. *Western & Atlantic R. Co.*, 67 *Ga.* 761 (3). "Prescription does not run against a municipal corporation in regard to land held for the benefit of the public." *Norrell* v. *Augusta Ry. &c. Co.*, 116 *Ga.* 313 (1) (42 S. E. 466, 59 L.R.A. 101). A right of the public in a street cannot be divested by adverse possession for a statutory period. *Mayor &c. of Savannah* v. *Barnes*, 148 *Ga.* 317, 321 (96 S. E. 625); *Martin* v. *City of Gainesville*, 126 *Ga.* 577 (55 S. E. 499); *Robins* v. *McGehee*, 127 *Ga.* 431, 433 (56 S. E. 461). Where a certain strip of land is conveyed or dedicated to a city for use as a public street, and the authorities open or use as a street only a part of the width of the land, adverse possession of the remainder by a private individual cannot ripen into a prescriptive title. *Norrell* v. *Augusta Ry. &c. Co.*, 116 *Ga.* 313 (2), supra. The petition fails to state a cause of action based upon adverse possession.

There is no merit in the petitioners' contention that the defendants are estopped to deny that they are the rightful owners of the property by reason of their conduct above set out. "The

State can only be estopped from asserting her right to her own property by legislative enactment or resolution." *State of Ga.* v. *Paxson & Cannon,* 119 *Ga.* 730 (1) (46 S. E. 872). See also *Alexander* v. *State,* 56 *Ga.* 478; *Penitentiary Co. No. 2* v. *Gordon,* 85 *Ga.* 159, 171 (11 S. E. 584); *Booth* v. *State,* 131 *Ga.* 750, 759 (63 S. E. 502); *Standard Oil Co. of Ky.* v. *State Revenue Commission,* 179 *Ga.* 371 (176 S. E. 1). We find no case in this State in which the doctrine of equitable estoppel has been held to apply against the State; and, in those jurisdictions where that doctrine is invoked against a State or a subdivision thereof, ". . . something more than the mere possession of a street or a part thereof by third persons is required. In addition to possession, such third person must have erected structures or improvements on the street of such character that it would entail pecuniary loss on him if the public should assert its right to repossess itself of the premises." McQuillin on Municipal Corporations (3d ed.) Vol. 11, p. 101, § 30.181. There is no allegation that petitioners have placed any buildings or made other valuable improvements upon this property.

■ In count four, the petitioners rely upon the additional allegation that the defendant and the City of Jesup are estopped from asserting a dedication of the property in question by reason of their failure to object to the manner of construction of their building; that the City of Jesup acquiesced in the construction of the building in the manner constructed and acquiesced in the use of the area between their building and the street pavement; and that it would be unconscionable and inequitable for the City of Jesup and the defendant to allow the petitioners to spend large amounts of money in the construction of their building, knowing full well that they were relying upon using said property for parking purposes, and now to assert that said property was owned by and under the control of the City of Jesup or the defendant.

The ruling made in paragraph three as to acquisition of title by adverse possession and equitable estoppel apply equally as well to this count. Consequently, count four states no cause of action.

■ In count five, the petitioners allege that there has been an abandonment of its easement by the City of Jesup and the de-

fendant, by their nonuser of the strip of the right of way in front of petitioners' property, and by permitting the petitioners and their predecessor in title to use it for many years—since 1946.

"If a highway is legally laid out and established, the mere fact that the public does not use it to its entire width will not of itself constitute an abandonment of any portion thereof (Mahan v. Town of Rockport, 287 Mass. 34, 190 N. E. 810; Vye v. City of Medford, 266 Mass. 208, 165 N. E. 34; Hall v. Flag Special Road Dist., Mo. App., 296 S. W. 164; Cline v. State Highway Commission, 6 N. J. Misc. 331, 141 A. 577; Lenhart v. Wright, 286 Pa. 351, 133 A. 495) . . . Encroachments on a highway continually used cannot be legalized by mere lapse of time; the limited use will not lessen the right of the public to use the entire width of the road whenever the increased travel and exigencies of the public render this desirable (State v. Paul, 112 Kan. 826, 213 P. 165; State ex rel. King v. McCurdy, 171 Okl. 445, 43 P. 2d 124, 127)." 39 C. J. S. 1068, § 131 (b).

The use, as alleged in this case, of a portion of a dedicated strip for highway purposes by paving a portion thereof extends to the entire width of the strip. Norrell v. Augusta Ry. &c. Co., 116 Ga. 313, supra. Consequently, count five fails to allege a cause of action of abandonment by the defendant.

The court having erred in overruling the general demurrers to counts three, four, and five, and the evidence as to count two being essentially the same as in State Highway Department v. Strickland, 213 Ga. 785, supra—where it was held that the evidence conclusively disclosed that the installation of the traffic-control devices in the highway right of way by the defendant would not involve either a trespass upon the plaintiffs' property abutting the right of way or an appropriation of the same—it was error to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*