20203. STATE HIGHWAY DEPARTMENT *v.* HARRIS.

SUBMITTED SEPTEMBER 9, 1958—
DECIDED NOVEMBER 7, 1958.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Ariel V. Conlin, Deputy Assistant Attorney-General,* for plaintiff in error.

*W. A. Zorn,* contra.

MOBLEY, Justice. The petitioner alleges that he " . . . is owner of the fee simple title to a tract of land in the City of Jesup, Wayne County, Georgia, bounded northeast by the center line of Cherry Street, as shown by the official map of said city; southeast by lands of Pittman; southwest by the center line of Plum Street; and northwest by McMillan or Milikin Bay," and that his title is burdened with an easement twenty-two feet in width for street purposes in favor of City of Jesup, running across the northeast portion thereof (which would be Cherry Street). The property in controversy is bounded by Cherry Street.

The evidence introduced on the hearing wholly fails to support the above allegations of his petition. Instead, the deed under which he claims title describes his property as, "Eight (8) acres, more or less, in the City of Jesup, Wayne County, Georgia, beginning at a point two hundred ten (210) feet from the intersection of Cherry Street and Fourth Street, thence northwest along Cherry Street to the main run of McMillan Creek . . . ," and after giving other metes provides, ". . . and bounded as follows; Northwest by the run of McMillan Creek; northeast by Cherry Street; southeast by land of Mrs. Reyna Smith Raybon and by Fourth Street; and southwest by Plum Street."

The official map of the city of Jesup adopted in 1908, which was in evidence, shows that Cherry Street has a right of way of one hundred feet; and the evidence further shows conclusively that the proposed curbs to be built in front of petitioner's property are within the one-hundred-foot right of way. No part of petitioner's building is situated within the one-hundred-foot right of way.

While petitioner testified that, immediately after purchasing his property in 1937, he went into possession along Cherry Street

up to a fence which bordered a ditch, which ditch was about eighteen or twenty feet from the center line of the pavement of Cherry Street, and that he thought that was the line, and that he had been in possession of same since under a claim of right, prescription would not run in his favor as against the city, since his own petition recognizes that his property is bounded by Cherry Street as shown on the official map of the city which shows a one hundred foot right of way; and there is no dispute but that the property he claims is within that one-hundred-foot right of way. "No prescription runs against the State. . ." (*Glaze* v. *Western & A. R. Co.*, 67 *Ga.* 761 (3)), or ". . . against a municipal corporation in regard to land held for the benefit of the public," (*Norrell* v. *Augusta Ry. &c. Co.*, 116 *Ga.* 313 (1), 42 S. E. 466, 59 L. R. A. 101); and, where only a part of the width of a public street is opened and used by the authorities, adverse possession of the remainder by a private individual cannot ripen into a prescriptive title. *Norrell* v. *Augusta Ry. &c. Co.*, supra; *State Highway Dept.* v. *Strickland*, 214 *Ga.* 467 (105 S. E. 2d 299).

"Equity will not, at the instance of one in possession of land, afford affirmative relief, such as the cancellation of deeds as clouds upon title, or the grant of an injunction against interference with his possession, where it appears that he has no title and his only relation to the property is possession acquired under such circumstances as that no prescription could be based thereon." *Crawford* v. *Crawford*, 143 *Ga.* 310 (85 S. E. 192). See also *Mayor &c. of Forsyth* v. *Hooks*, 182 *Ga.* 78 (1) (184 S. E. 724). Assuming, but not deciding, that the petitioner is in possession of the property where the defendant proposes to locate the curbs, he has failed to show title; and his possession is such that prescription could not be based thereon. Therefore, the trial court erred in granting an injunction against interference with his possession.

*Judgment reversed. All the Justices concur.*