## 25498. GRAND LODGE OF GEORGIA, INDEPENDENT ORDER OF ODD FELLOWS v. CITY OF THOMASVILLE et al.

Argued November 10, 1969—Decided January 8, 1970.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant.

*B. B. Earle, Jr., Jesse J. Gainey,* for appellees.

Mobley, Presiding Justice. The City of Thomasville and Thomas County, Ga., filed a complaint in the Superior Court of Thomas County against the Grand Lodge of Georgia, Independent Order of Odd Fellows, asking for a declaratory judgment decreeing title to described land in them. The appeal is from judgment granting the plaintiffs' motion for judgment on the pleadings, denying the defendant's motion to dismiss the complaint because it was brought in the wrong venue and juris-

diction, and denying the defendant's motion for judgment on the pleadings. Enumerated as error is (1) the failure of the trial court to dismiss the complaint for improper venue, and (2) the granting of the plaintiffs' motion for judgment on the pleadings, and the denying of the defendant's motion for judgment on the pleadings.

■ " 'Cases respecting titles to land shall be tried in the county where the land lies.' Art. 6, Sec. 14, Par. 2, Constitution of Georgia (*Code Ann.* § 2-4902). Our law makes a distinction between suits to establish the title to land or to establish the evidence of title, and suits to recover the land upon legal title, the former being suits in equity and the latter actions at law. The above-quoted constitutional provision concerns actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant, for the recovery of land or recovery of the land and mesne profits. *Owenby v. Stancil,* 190 Ga. 50, 55 (8 SE2d 7). 'One test as to whether a suit to recover land is one of ejectment simply, and is a case "respecting title to land," is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover.' *Frazier v. Broyles,* 145 Ga. 642, 646 (89 SE 743)." *White v. Gordon,* 213 Ga. 730, 731 (101 SE2d 759).

The plaintiffs (appellees) sought to recover the land upon legal title, alleging that they had acquired the property by described valid deed, and that deeds of gift from them purporting to convey title to the defendant were void for the reason that neither the county nor the city had legal authority to give the property away. They sought no equitable relief, nor any relief other than decree of title and writ of possession in them. Thus the suit was properly brought in the county where the land lies. See *Taylor v. Allen,* 112 Ga. 330 (37 SE 408) ; *Hall v. Almond,* 164 Ga. 138 (137 SE 825) ; *Shaw v. Crawford,* 207 Ga. 67 (60 SE2d 143).

■ In enumeration of error 2 the defendant (appellant) contends that the plaintiffs failed to show title in themselves, because the deed under which they claimed title was void for indefiniteness of description. The property is described in the

deed as follows: "All that tract or parcel of land situate, lying and being in the 13th District of Thomas County, Georgia, and in land lot Number 196, beginning at the northwest corner of said lot and running south about eight (8) acres to a stake; thence running in an easterly course twenty (20) chains to a stake; thence north about six (6) acres to a stake at road; thence west five (5) chains down said road; thence north to north line of lot running east and west; thence west five (5) chains down said road; thence north to north line of lot running east and west; thence west to starting point, containing forty-three (43) acres, more or less. Also, part of lot Number 197 in said district and county, beginning at southwest corner of said lot at a stake, running north about nine (9) acres to a stake; thence east fifteen (15) chains; thence south to south line of said lot, running east and west; thence west to starting point, containing forty-two (42) acres, more or less; all of said tracts conveyed except a strip beginning at east side and north corner at a road in lot Number 196 and running west through said land and being twenty (20) feet wide, used as a road."

The description of the first tract begins at the northwest corner of Lot 196 and runs "about 8 acres to a stake." "About 8 acres" furnishes no measure for lineal measurement. The 8-acre tract might be in various shapes and forms—it could be 1,680 feet to the stake, or it might be 210 feet, or some other distance. It furnishes no method of locating the stake. The next course is "20 chains to a stake." The indefiniteness of the prior course leaves no way to determine where the 20 chains' distance begins and ends. The next call is "thence north about 6 acres to a stake at road," neither of which is identified. With no beginning and ending points given, "about 6 acres" does not furnish a guide for measuring the distance. "Thence west 5 chains down said road," the next course is worthless, as there is no point of beginning. The next course is "thence north to north line of lot running east and west." It does not identify the lot number. The other tract, in Lot 197, is equally indefinite as that in Lot 196.

Obviously it would be impossible to locate this land from this description. The deed is so indefinite that it affords no means

of identifying the land; it is void, and is inoperative as a conveyance of title, or as color of title. *Pitts v. Whitehead,* 121 Ga. 704 (1) (49 SE 693); *Crawford v. Verner,* 122 Ga. 814 (50 SE 958); *Mull v. Allen,* 202 Ga. 176 (42 SE2d 360); *Malone v. Klaer,* 203 Ga. 291 (46 SE2d 495); *Bennett v. Rewis,* 212 Ga. 800, 803 (96 SE2d 257); *Hughes v. Heard,* 215 Ga. 156 (2) (109 SE2d 510).

The deed upon which the plaintiffs rely for title being void, it did not vest title in the plaintiffs, nor will it serve as color of title.

■ (a) The next question is whether the plaintiffs have a superior title to that of the defendant by reason of having been in possession of the land prior to making the deed to the defendant.

The plaintiffs allege that they were in possession of the land under their deed thereto prior to making the deeds under which the defendant claims, and prior to any possession of the defendant. Their contention apparently is based on *Code* § 33-102: "A plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." Since this action seeks decree of title, and writ of possession, *Code* § 33-102 applies to it.

" 'Prior possession is some evidence of title, and is sufficient as a basis for recovery of possession as against a trespasser. *Horton v. Murden,* 117 Ga. 72 (6) (43 SE 786). Evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff.' *Terrell v. Gould,* 168 Ga. 607 (148 SE 515), and cit. And in such a case 'the defendant can not successfully defend by showing merely that the plaintiff did not in fact have title, or by setting up outstanding title in a third person, unless he connects himself with that title.' Powell on Actions for Land, § 301. Nor is entry under a mere claim of right sufficient to defeat a prior possession, for a mere claim of right is not a 'lawful right' of entry within the meaning of the *Code* § 33-102. See Powell on Actions for Land, § 302." *Chandler v. Raney,* 201 Ga. 544, 547 (40 SE2d 661). Accordingly, the burden is on the defendant to show

that he has a title superior to the plaintiffs' rights acquired by possession either by showing record title to the property, or title by adverse possession.

(b) As to record title, the plaintiffs contend that the defendant's deeds from the county and the city are void because neither the county nor the city had authority to make a deed of gift. The Constitution of Georgia, Art. VII, Sec. I, Par. II (*Code Ann.* § 2-5402) provides: "The General Assembly shall not by vote, resolution or order, grant any donation or gratuity in favor of any person, corporation or association." This provision is applicable to cities and counties. *Atlanta Chamber of Commerce v. McRae,* 174 Ga. 590 (163 SE 701) ; *Wright v. Absalom,* 224 Ga. 6 (159 SE2d 413).

The deeds made a gift of the property to the defendant and are invalid, and did not convey title to the defendant.

(c) The next question is whether the defendant acquired prescriptive title to the property either by 20 years' adverse possession or seven years under color of title. The defendant alleges adverse possession of the property for 20 years, and for more than 7 years under color of title. *Code* § 85-406 provides: "Actual adverse possession of lands for 20 years, by itself, shall give good title by prescription against everyone, *except the State. . .*" (Emphasis supplied.) Prescription does not run against a municipality or county in regard to land held for the benefit of the public. *Adams v. Richmond County,* 193 Ga. 42 (4) (17 SE2d 184), and cases there cited.

In 2 CJS 532, Adverse Possession, § 18 (with cases cited) it is stated that the general rule in this country is that land of a municipality which is not held for public use may be acquired by adverse possession or prescription. See also 55 ALR2d 616, § 42. On the other hand, 3 AmJur2d 295, Adverse Possession, § 205, states that: "It is the general rule that title by adverse possession cannot be acquired as to public property . . ." citing a number of cases, including *State Hwy. Dept. v. Harris,* 214 Ga. 521, 523 (106 SE2d 19), which says: " 'No prescription runs against the State . . .' (*Glaze v. Western & A. R. Co.,* 67 Ga. 761 (3)), or '. . . against a municipal corporation in regard to land held for the benefit of the public,' (*Norrell v.*

*Augusta R. &c. Co.,* 116 Ga. 313 (1) (42 SE 466, 59 LRA 101))."

The city and county received a deed (void for insufficient description) to this property on November 13, 1940, and made the deeds of gift to the defendant on April 3, 1948. The defendant alleges that the property when conveyed to the defendant by the plaintiffs was not being used, and had never been used, by either plaintiff in a governmental capacity. This is not refuted by the plaintiffs in their pleadings or otherwise in the record.

The statute providing that adverse possession shall not run against the State is all-inclusive, and would include all property held by the State whether used for governmental or for proprietary purposes. This court has held, as shown heretofore, that adverse possession does not run against a municipality or county as to property held for a public purpose, but has not decided whether it would or would not run if held for a proprietary purpose.

In view of the unqualified statutory provision that adverse possession does not run against the State, and the status of the law under decisions of this court as herein set out, we hold that it does not run against the city or county as to this property, whether it was held for governmental or for proprietary purpose.

■ Both the plaintiffs and the defendant made motions for judgment on the pleadings. The trial judge granted the motion of the plaintiffs to the extent that recovery of the land was granted. Questions in regard to mesne profits claimed by the plaintiffs, and valuable improvements claimed by the defendant, were left for determination by a jury.

Under the rulings in the preceding divisions of this opinion, the court properly denied the motion of the defendant for judgment on the pleadings. While the complaint, as amended, stated a cause of action, it was error to grant the motion of the plaintiffs for judgment on the pleadings. The allegation of prior possession of the described land which the plaintiffs sought to recover was made by an amendment. No responsive pleadings are required to an amendment. *Code Ann.* § 81A-107 (a) (Ga. L. 1966, pp. 609, 618; Ga. L. 1967, pp. 226, 230). Averments in a pleading to which no responsive pleading is required are

considered as denied. *Code Ann.* § 81A-108 (d) (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230). An issue of fact was thus made as to the prior possession of the plaintiffs which should have been submitted to the jury.

*Judgment affirmed in part; reversed in part. All the Justices concur.*