S98A1983. WILLIAMS v. FAYETTE COUNTY et al.
(510 SE2d 825)

HUNSTEIN, Justice.

This case involves a dispute over property in Fayette County. David Williams brought suit against Fayette County claiming that he is the owner of property upon which the County commenced construction of a water tower. Williams filed a petition for injunction against Fayette County and its Commissioners seeking, inter alia, temporary and permanent relief to restrain the County from trespassing upon the property. The trial court refused to issue an injunction and entered summary judgment in favor of the County finding that the County has held record title to the property since 1894 and has not taken any action since then to convey, transfer or abandon the property. As it is undisputed that the 1894 deed served to place

fee simple title to the property in Fayette County and the County cannot therefore be liable for trespass upon property which it owns, we affirm.

1. It is undisputed that Paul Faver, the grantor in the deed recorded in Deed Book M, page 570, possessed fee simple title to the subject property prior to this conveyance to the County and that the deed adequately describes a conveyance "of one acre of land from Paul Faver to the then County Commissioners of Fayette County on August 11, 1894." There is no evidence that the County ever conveyed the property to another grantee. Nevertheless, Williams contends the County no longer owns the property because a third party gained superior title through prescription, the deed was subject to reformation, or that equitable estoppel prevents the County from exercising dominion and control over the property.

It is well established that prescription does not run against a county on property acquired through a deed of conveyance. *Grand Lodge of Ga. Independent Order of Odd Fellows v. City of Thomasville*, 226 Ga. 4, 8 (3) (c) (172 SE2d 612) (1970); *Norrell v. Augusta R. &c. Co.*, 116 Ga. 313 (1) (42 SE 466) (1902); OCGA §§ 44-5-163, 44-5-164. Compare *Kelsoe v. Town of Oglethorpe*, 120 Ga. 951 (3) (48 SE 366) (1904) (county can abandon property acquired by means other than a deed of conveyance). In view of the doctrine that adverse possession does not run against a county, we hold that the trial court was correct in its ruling that the property deeded to Fayette County in 1894 was not subject to a claim of ownership by Williams by prescription.

Reformation of the 1894 deed is also not available to Williams. While "[e]quity may intervene and reform a conveyance when the instrument fails to express accurately the intention of the parties," *Curry v. Curry*, 267 Ga. 66, 67 (1) (473 SE2d 760) (1996), we agree with the trial court that the 1894 deed to the County is unambiguous and conveys title to the County. The deed is not subject to reformation over one hundred years later based on conjecture of one who is not a party to the deed.

Moreover, we find no merit in Williams' argument that the County somehow divested itself of title to the property when the Fayette County Board of Commissioners passed a resolution to condemn the property which the County already owned.

2. We find no abuse of discretion in the trial court's denial of Williams' motion for temporary restraining order and for interlocutory injunction.

3. We similarly find no abuse of the trial court's discretion in granting the County's motion for protective order regarding the deposition of two Fayette County Commissioners.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999 —
RECONSIDERATION DENIED FEBRUARY 19, 1999.

*Howard G. Slade, Jr.,* for appellant.
*McNally, Fox & Cameron, Dennis A. Davenport,* for appellees.