**CITY OF LUBBOCK, Appellant,**

v,

**MERRILL & ROBERDS, Appellees.**

**No. 6456.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 21, 1955.

Rehearing Denied March 28, 1955.

Vaughn E. Wilson, City Atty., Clyde A. Mote, Asst. City Atty., Crenshaw, Dupree & Milam, Lubbock, for appellant.

Klett, Bean & Evans and Robt. A. Sowder, Lubbock, for appellees.

MARTIN, Justice.

Appellees, the surviving heirs at law of M. E. Merrill and wife, Amorett Merrill, deceased and J. C. Roberds and wife, Pearle Roberds, deceased, instituted this suit in the usual form of trespass to try title against appellant, City of Lubbock, alleging that they were the owners of a tract of land approximately 82.25 feet wide fronting on Avenue H and extending east about 175 feet in the form of a small triangle adjoining the west line of the right-of-way of the Fort Worth & Denver South Plains Railway. The tract in issue is a part of the Northeast Quarter of Section No. 7 in Block B, T. T. Ry. Co. Survey. The appellant sought condemnation of the tract in the event appellees recovered title to the same.

Merrill & Roberds filed of record a plat of an addition in the above survey of land which plat is bounded on the west by a street and on the east by a country road but no boundary is shown for the south line of the plat. The lots as platted in the addition do not extend to the south boundary line of the Northeast Quarter of Section 7 and neither the south boundary line of the addition nor of the Northeast Quarter of Section 7 is shown upon the plat of the addition. The record reveals that the streets running east and west in the plat as dedicated are 50 feet in width but the distance between the lots as platted and the south boundary line of the Northeast Quarter of Section 7 is a distance of approximately 85 feet. No street is named or shown on this 85-foot strip of land. In 1917 following the filing of this plat of record, on petition of the Merrill Addition owners, the Commissioners' Court abolished all the lots, blocks, streets and alleys in the addition save the three west tiers. The released property was then fenced and used for farming purposes.

Upon the trial of the cause, the parties agreed that the issue as to dedication should be withdrawn from the jury and submitted to the court and that the jury would only pass on the issue of damages that appellees would be entitled to. The trial court found that the tract of land in issue had not been dedicated to the public for use as a street and that appellees had not lost title by limitation, prescription or adverse user. The court further found that until the strip of land in issue was paved by the city in 1949, it had never been used as a street, road or highway. The land was adjudged to be the property of the appellees, was ordered condemned by the court for a public street and appellees were awarded the sum of $8,800 damages as found by the jury in the cause.

Appellants appealed from the judgment of the trial court and assign eight points of error. The first three points assert that the trial court erred in finding that Merrill & Roberds did not intend to and did not dedicate the land in controversy as a street because such findings are contrary to the undisputed evidence and are not supported by the evidence. Appellants' fourth point of error complains of the court's finding of fact that the tract had not been opened and used as a street by the public. Appellant's fifth point asserts that the court erred in finding, contrary to the evidence, that the City of Lubbock and the Fort Worth & Denver South Plains Railway Company entered into an agreement whereby the City agreed to pay the railroad $800 for procuring easements and right-of-

way to cut a ditch east from Avenue H to the Santa Fe tracks. Its sixth and seventh points of error complain of the admission in evidence, against the City of Lubbock, of testimony showing that the railroad paid to Merrill & Roberds the sum of $1,000 in damages by reason of such ditch. Its eighth point of error is that the court erred in finding that the City, in the fall and winter of 1946, for the first time claimed the strip as a public street as such finding is contrary to the evidence.

Appellant's brief presents the principle of law governing its first three points of error. Appellant quotes at length from "Elliott, Roads and Streets (2d Ed.)" as cited with approval by the Supreme Court in Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957. The principle therein expounded is briefly as follows: "It is essential that the donor should intend to set the land apart for the benefit of the public, for it is held, without contrariety of opinion, that there can be no dedication unless there is present the intent to appropriate the land to the public use. If intent to dedicate is absent, then there is no valid dedication. *The intent which the law means; however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner.*" (Emphasis by appellant.)

The above principle of law is applicable to the case here in issue and the facts are detailed thereunder. The record reveals that the tract of land was originally platted as an addition and such plat filed of record by one McClelland and the addition so platted was bounded by a line of the plat on the south and the tract now in issue was a part of a street dedicated on the plat as "Cottage Lane". However this plat, and also a later plat filed by Merrill & Roberds, were abolished and the entire tract returned to acreage by the Commissioners Court. Merrill & Roberds then filed a second plat which shows this same strip of land approximately 85 feet in width along the south part of the Northeast one-fourth of Section 7. But, this strip of land bore no name or designation as a street and was not bounded on the south by any line on the plat of the addition. Nor was the south boundary line

of the entire tract of land shown on such plat. The tract of land here in issue was a part of this 85-foot strip fronting on Avenue H.

The above facts will now be examined with reference to the intent of Merrill & Roberds to dedicate the land in issue as a street. Since the tract was originally dedicated as a street, "Cottage Lane", with definite boundaries on the plat and such street was not re-incorporated into the final plat filed by Merrill & Roberds, it evidences there was no intention on their part to dedicate the land in issue as a street. Further, there is no evidence in the record revealing that any plat was ever filed of record by Merrill & Roberds showing a south boundary line of the 85-foot strip nor was any plat ever filed of record by the owners either naming or numbering the 85-foot section of land as a street.

In addition to the fact that the record reveals no visible conduct and open acts on the part of Merrill & Roberds to dedicate the land in issue as a street, the record further conclusively reveals that neither the public nor the City of Lubbock ever recognized any intent on the part of the owners to dedicate the land as a street. First, the record reveals, without dispute, that the tract in issue was never used as a public street or passageway for the public until paved by the city in 1949. Even the witnesses for the City of Lubbock testified that the strip in issue had never been used as a street or road by the public. In fact, the record reveals conclusively that a railroad traversed the 85-foot strip and cut off the tract here in issue on the west side of such railroad tracks. Both the railroad and the drainage ditches on each side thereof would have effectively prevented any use of the strip here in issue as a public road or street had the public shown any disposition to use the same.

■ The issue of intent to dedicate is further developed by a consideration of appellant's points five, six and seven. By its points of error five, six and seven, the appellant contends vigorously that $800 paid by it to the railroad and $1,000 paid by the

railroad to Merrill & Roberds was not paid for damages suffered by appellees by reason of the cutting of a drainage ditch over the tract here in controversy. In developing the above issue, the record reveals that the city had apparently once referred to the 85-foot strip in issue as 26th Street in the following manner. The city paid to the Fort Worth & Denver South Plains Railway Co. the sum of $800 which it alleged in a minute of the City Commission was to "properly drain the water from Avenue H *at* 26th Street". (Italics added.) The railroad was to secure all right-of-way and easements. Since the tract here in issue was actually used for the drainage ditch and is the only portion of the original 85-foot strip of land which joins Avenue H there can be little doubt as to what the drainage of Avenue H *"at 26th Street"* referred to. It is readily apparent that the drainage ditch had its inception on the tract here in issue. The fact that the drainage ditch as paid for by the city traversed the land here in issue is further enhanced by the fact the record reveals that all of the Northeast one-fourth of Section No. 7 along the south boundary line thereof other than Blocks 4, 9 and 13 had been returned to acreage which was used as farm land. That portion of the 85-foot strip along the south boundary of the original addition as returned to farm land could not have been correctly referred to in the minutes of the City as "Avenue H at 26th Street" or even as 26th Street since it had been returned to farm land.

From the facts discussed above, it must be recognized that the minute of the City Commission referred to the tract in issue as 26th Street but this minor evidence as to such tract being a street is completely set aside by the fact that the City Commission was paying money to drain water from "Avenue H *at 26th Street*" whereas if there was in fact a 26th Street in use at Avenue H and recognized as a public street of the City of Lubbock, the appellant city should have been receiving funds for the drainage ditch created on such street rather than paying out funds therefor. It is further conclusively revealed by the record that the city did not recognize the 85-foot tract of land, or the alleged 26th Street, as being in existence as a public street in that, following the above acts by the City Commission, an official map of the City of Lubbock was compiled in 1927 by the City Engineering Department and such map does not reveal any street or passageway of any type or character on the tract of land here in controversy. These facts do not show any recognition on the part of the city as to the tract in issue ever being dedicated as 26th Street or as a street.

Since the tract of land was never used by the public and there is no evidence raising the issue of prescription, the City is compelled to rely solely upon the issue of dedication. Upon such issue, the dedication plat should at least bound the strip asserted to be a public street. Further, the plat should have affixed a name to the purported street. There should have been evidenced by some visible conduct and open acts of the owners an intention on the part of such owners to dedicate the land in issue as a street. The trial court correctly ruled there was no dedication of the land and street. Appellant's first three points are overruled. Owens v. Hockett, supra; 26 C.J.S., Dedication, § 14, page 68 and § 22, page 77, last paragraph; Weidemeyer v. Reitch, 49 Tex.Civ.App. 166, 108 S.W. 167, writ refused; Oswald v. Grenet, 15 Tex. 118; Goldsmith v. Humble Oil & Refining Co., 145 Tex. 549, 199 S.W.2d 773; Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287.

Under the facts hereinabove detailed, the trial court did not err in hearing evidence as to the payment of the $800 by the city to the railroad and as to the railroad's payment of the sum of $1,000 to Merrill & Roberds in settlement of damages with reference to the drainage ditch over the land in issue. Since the parties agreed to withdraw the case from the jury and submit the issue of dedication to the court, such evidence, if improperly admitted, would not require a reversal of the case.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.