26436.   WALDREP v. HALL COUNTY.

ARGUED APRIL 12, 1971—DECIDED MAY 6, 1971.

556

*Robert E. Andrews*, for appellant.

*Greer, Sartain, Carey & Cromartie, Tifton S. Greer*, for appellee.

NICHOLS, Justice. 1. The first enumeration of error contends that a part of the property allegedly traversed by the road is inside the city limits of the City of Gainesville and that, therefore, the City of Gainesville is a necessary party to the litigation. Under the decision in *County of Gordon v. Mayor &c. of Calhoun*, 128 Ga. 781 (58 SE 360), relied upon by appellant the city would have been a proper party, but where the issue is whether the road

was dedicated by implication at a time when none of the area traversed by the alleged road was inside the corporate limits, the city is not a necessary party to the litigation. No question as to duty to maintain such road is involved, but solely whether there exists a public road.

2. The remaining enumerations of error complain that the evidence did not disclose a dedication by the defendant and an acceptance by the plaintiff and that the pleadings and evidence did not show any description of the property which the defendant is enjoined from interfering with.

The judgment of the trial court was authorized by the evidence and supported by the legal principles set forth in such decree. The judgment granting the temporary injunction must be affirmed.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

FELTON, Justice, dissenting. 1. I dissent from the judgment to the extent that it involves any part of the road in question which lies within the city limits of Gainesville. The city is not a party plaintiff in this case. No one but the City of Gainesville could be interested in insisting that there had been an implied dedication of that part of the road within the city limits and whether it would accept the alleged implied dedication and accept the responsibility and expense of rapairing it and keeping it in condition for use by the public. The city would not be bound by the decision in this case.

2. I dissent from the judgment involving Hall County for the reason that the appellant offered the county a deed of dedication for a consideration of $1.00 and construction and maintenance of the road. The deed provided that in case the right of way granted therein was ever abandoned as a public road or the grantees or successors failed to maintain the road as a public road, it should revert to the property from which it was taken. The county refused to accept this formal dedication. I maintain that in view of the refusal by the county to accept this formal, explicit and definite dedication, the county is in no position to rely on an implied dedication of a road of indefinite width and difficulty of location and identification at various points. After such refusal by the county I do not believe that the law will recognize an implied ded-

ication; first, because no inference of an implied dedication could be made in *favor of the appellant* against the county for the reason that the express dedication had been refused and the appellant could not force the county to accept an implied dedication when it in effect refused a formal one. Neither can the county refuse a formal and definite dedication and insist on an informal, elusive, indefinite and uncertain one so greatly affecting a citizen. Nothing is shown as to why appellant should be estopped to oppose the present conduct of the county on account of any transactions between him and the county which would make it unconscionable for him to act otherwise than he is acting to prevent a legal finding that he has made an implied dedication.

I cannot agree with the majority's statement at the end of Division 1 that "no question as to the duty to maintain such a road is involved, but solely whether there exists a public road." If the county had stated in open court that it did not have the obligation to maintain the road even if it had won the case, it would have disclaimed the right to claim an implied dedication and to stay in court.