36984. JERGENS et al. v. STANLEY et al.

GREGORY, Justice.

Plaintiffs are the owners of a tract of land in Fannin County. An unpaved road crosses plaintiffs' land. The road begins at a public way known as Doublehead Gap Road, passes over an adjoining tract of land, then plaintiffs' land, and terminates at the boundary of yet another tract. The length of the road is less than a mile. Plaintiffs

purchased their property in 1977.[1]

In this action plaintiffs object to county maintenance of the road and a certain bridge where the road crosses over Skeenah Creek. Plaintiffs contend the road is private and the defendant county commissioners contend it is public. Following a confrontation between the parties, the plaintiffs filed this action seeking to have the county commissioners enjoined from entry upon and maintenance of the road within the boundaries of plaintiffs' tract of land. A temporary restraining order issued, followed by a hearing before the court on the question of injunction. This question turns entirely upon whether the road is public or private. The trial court found the road to be public, dissolved the temporary restraining order, and denied the injunction.

The trial court made findings of fact including the following: The road has existed for many years, perhaps dating from as far back as 1928. It was a roadway leading to the Chattahoochee National Forest. A former county commissioner testified that, during his term of office from 1957 to 1969, the county worked the road twice a year as had been done in years before his time in office. Another former county commissioner, 1969-1976, testified he knew the road well and that the public had used it for as long as he had known the road. Numbers of times he scraped and gravelled the road and repaired the bridge. Others testified as to the county maintenance of the road and use of the road by the public from the present, as far back as the 1950's. On the other hand, witnesses for the plaintiffs testified that one of the landowners built the bridge over Skeenah Creek. Other landowners spent considerable sums of money maintaining the bridge and road. It was found by the trial court that, until now, no one ever complained of the fact that the county maintained the road and bridge. The only complaints were that the county did not work the road enough.

By dedication one may give a right to the public to use his land. Code Ann. § 85-410. The code provision does not define dedication. This court has defined the term on numerous occasions. A frequently cited opinion is that written by Justice Cobb in *Healey v. City of Atlanta,* 125 Ga. 736 (54 SE 749) (1906). The two basic requirements of dedication of property to public use are, (1) an intention by the owner to dedicate the land to public use, and (2) an acceptance thereof by the public. The intention to dedicate need not be

---

[1]The trial court found the following provision contained in the deed to plaintiffs: "The above described property is conveyed subject to a road easement or right-of-way traversing said property where the same presently exist [sic], extending from Skeenah Creek to the Kendall property."

expressed. It may be found by implication from the conduct of the landowner. An example of such conduct is the acquiescence of the owner in the use of his property by the public. Neither must the acceptance by the public be expressed. If the property is used by the public, worked by the public authorities, and treated by the authorities as public property for a sufficient length of time, acceptance may be implied. What constitutes a sufficient length of time is expressed in the code itself: "If [the land] shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, [the owner] may not afterwards appropriate it to private purposes." Code Ann. § 85-410. Our courts have held that seven years is a sufficient period of public use to establish this length of time because a seven-year period is sufficient time to raise the presumption of gift. *Hillside Cotton Mills v. Ellis,* 23 Ga. App. 45 (97 SE 459) (1918). The findings made by the trial court are sufficient to support the conclusion reached that the road has been dedicated to public use. Since we hold there was a dedication, we need not determine if the trial court was correct in concluding that a right by prescription exists.

Plaintiffs rely on *R. G. Foster & Co. v. Fountain,* 216 Ga. 113 (114 SE2d 863) (1960) and contend that there has occurred a taking of private property for public use without just and adequate compensation. Of course, our holding that there has been a dedication of the road to public use precludes there having been a taking.

The trial court did not err in dissolving the temporary restraining order and refusing to grant injunctive relief.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1981.

*J. Britten Miller, Jr.,* for appellants.
*Oliver Harris Doss, Jr.,* for appellees.