43871. MORELAND v. HENSON et al.
43872. BROWN v. HENSON et al.
(353 SE2d 181)

CLARKE, Presiding Justice.

The issue in this appeal is whether certain covenants or restrictions in a deed rise to the level of an easement. The appeal is from a grant of a permanent injunction to appellees restricting the right of appellants Brown and Moreland to use certain property. The lawsuit concerns 11.7 acres of land in Monroe, Georgia, which was conveyed to the Walton County Overseas Veterans (Overseas Veterans) in 1951. The conveyance restricted the use of the property to "community recreation and residential purposes only." In 1963, the city adopted a zoning ordinance which zoned the property residential.

The properties of plaintiffs (appellees) Gray and Hawkins and defendants (appellants) Moreland and Brown are all part of the original 11.7 acre tract. Lots 1, 2, and 3 were conveyed to Hawkins by the Overseas Veterans. Overseas Veterans conveyed the remainder of the tract to Moreland in 1980. Moreland in turn conveyed portions of his tract to plaintiff Gray, defendant Brown and Murray.

The controversy here concerns whether any of the property can be used for commercial purposes. Plaintiffs Gray and Hawkins, insisting that the restrictions are in full force and enforceable by them as owners of the property, filed an action for declaratory judgment, injunctive relief, a writ of mandamus and damages. Brown and Moreland contend that since the City of Monroe adopted a zoning ordinance in 1981, these restrictions lapsed pursuant to OCGA § 44-5-60 (b). Plaintiffs, on the other hand, argue that the restrictions create a covenant or scenic easement in favor of the public which is under OCGA § 44-5-60 (c) exempted from OCGA § 44-5-60 (b).

The court found that the restrictions that the land be used for community recreation and residential purposes only and that no building be located between the branch running through the center of the tract and U. S. Highway No. 78 created easements in favor of the public and were not subject to OCGA § 44-5-60 (b). The court reached this conclusion by reasoning that the two restrictions read together resulted in an easement setting aside 4.26 acres upon which no houses could be built, and that parties thereafter acquiring portions of the 11.7 acre tract gave consideration for the increased value of their property by virtue of the recreational easement. The court found that the defendants failed to prove their contention that any public easement had been abandoned. Defendants were enjoined from any activity contravening these rights and were expressly enjoined from any commercial activity. Of the 4.26 acres which the court found had been dedicated as an express easement to the public, Moreland owns 2.594 acres, and Brown owns 1.15 acres. Murray, who owns the remaining .516 acre and has built a building on his property, has been dismissed as a defendant by a consent judgment.

The dispositive question in this case is whether the original grantor intended to create a recreational easement when he conveyed the 4.26 acres in question to the Overseas Veterans. This is not a case in which lots in a subdivision were sold in reference to a recorded plat setting apart some area for use of lot owners and giving rise to a perpetual easement in those lot owners due to the fact that they have given consideration for the enhanced value of their lots. *Walker v. Duncan*, 236 Ga. 331 (223 SE2d 675) (1976). The area in question was never developed as a subdivision, and the lots were not sold in reference to a subdivision plat. There are no specific words either in the deeds or in any document to which the deeds refer conveying an ease-

ment. In this important respect the present case differs from *Hendley v. Overstreet*, 253 Ga. 136 (318 SE2d 54) (1984).

We conclude that the clear words of the original deed to the Walton County Overseas Veterans amount to the imposition of restrictive covenants rather than the grant of an easement. First, the deed specifically provides that "Said land is sold and conveyed subject to the following restrictions . . . ." The presence of the word "restrictions" is an indication of the intent of the grantor to restrict the use of the property rather than to grant an easement. Secondly, the court labeled only two of the six restrictions an easement. We find no logical means to differentiate between the conditions so that two should create an easement and the others create only restrictive covenants.

There being no obvious intent on the part of the grantor to convey an easement through the restrictions in the deed to the Overseas Veterans, we next consider whether an easement was created by implication. As noted above, plaintiffs did not purchase their land as part of a subdivision with the purported community area indicated on a recorded plat. An implied easement does not arise merely because the deed to the Overseas Veterans containing the restrictions was in the chain of title of the plaintiffs. Similarly, this does not trigger a dedication of the property to public use. The requirements for dedication to public use are (1) an intention of the owner to dedicate and (2) acceptance of the dedication by the public. *Jergens v. Stanley*, 247 Ga. 543 (277 SE2d 651) (1981). Although either of these factors may be found to exist by implication, there must be evidence of use by the public for a sufficient period of time and acquiescence by the owner of such use. Id. Here, it was stipulated that the area in question had never been used for any purpose except Ed Carroll's Garden. Although the garden was labeled "recreational" there was testimony that Mr. Carroll had a vegetable stand and sold vegetables. This does not rise to the level of implied dedication to the public and acceptance by the public.

We hold that since the language of the deed shows that the grantor intended to create restrictions rather than easements, and inasmuch as no easement arises by implication in this case, the trial court's ruling must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*Sorrells, Hearn & Childers, Marvin W. Sorrells,* for appellant (case no. 43871).

*Fortson, Bentley & Griffin, Sandra M. Baumwald, J. Edward Allen, Jr., William L. Preston, Jr.,* for appellant (case no. 43872).

*Strauss & Walker, John T. Strauss, Erwin, Epting, Gibson &*

*McLeod, Andrew H. Marshall,* for appellees.