S96A1772. COBB COUNTY v. CREW et al.

(481 SE2d 806)

THOMPSON, Justice.

Frank Ogden Crew, Jr., as executor of the estate of Frank Ogden Crew, Sr., brought a petition to establish and quiet title to land, naming Cobb County, Edward G. Black, Stephen H. Chadbourn, and all the world, as respondents. By a deed of assent, the executor subsequently conveyed the estate's interest to himself, Shirley Faye Crew True, and Brenda Crew Prater, and these individuals were substituted as petitioners.

The land in question is situated in Cobb County and consists of three tracts, identified as Tracts 2, 3 and 4 on a 1985 survey prepared by John C. Gaskins. (See Appendix "A.") Following the appointment of a special master, Cobb County answered the petition, and asserted, inter alia, that it had acquired title to Tracts 3 and 4 by

dedication.[1] The special master concluded that petitioners were enti-tled to all of the tracts and judgment was entered accordingly. This appeal followed.

The land was once a part of a large tract owned by Mrs. A. E. Collins. In the early 1900's, the Georgia Railway & Electric Company ("GREC") condemned a right-of-way (Tract 4) across Collins' prop-erty. The right-of-way was 100 feet wide and 1,775 feet long. It was used as a trolley line until 1948 when the tracks were removed.

Five years after the condemnation of the right-of-way, Collins' property was subdivided and conveyed to Black and Chadbourn. Col-lins' deed to Black and Chadbourn referred to a subdivision plat which had been put on record in 1908. The plat reflects an "electric car line" in the middle of a street designated as "Marietta Avenue." The total width of Marietta Avenue, including the electric car line, is shown to be 200 feet. However, the width of the electric car line's right-of-way is not shown. (See Appendix "B.")

The County paved and maintained a roadway which lies within a portion of the area shown on the plat as "Marietta Avenue." That roadway, which is 18.5 feet wide and situated on the east side of Tract 4, is known as Log Cabin Drive.

When the trolley stopped running in 1948, O. B. Logan, who then owned Tract 1, dug through the trolley line embankment and graded and installed a driveway across Tracts 3 and 4. The driveway con-nected Tract 1 to Log Cabin Drive. Six years later, Logan rented Tract 1 to Frank Crew, Sr.[2]

Crew rented Tract 1 for the next nine years. In 1963, Logan sold Tract 1 to Mary Puckett, who continued to rent it to Crew. One year later, Puckett sold Tract 1 to Crew. Puckett's deed to Crew identified the easternmost boundary of Tract 1 as "Log Cabin Drive."

From the time he first occupied the premises in 1954, until he became ill in the early 1990's, Crew continuously used Tracts 3 and 4. Every year, he planted gardens which covered large portions of each tract. And, he maintained and paved the driveway which Logan had installed.

1. The County asserts the general grounds. The crux of the County's argument is that Collins dedicated one street — now known as Log Cabin Drive — to the County when the plat was recorded in 1908; that the County impliedly accepted the dedication of that street when it paved a portion of the width of Log Cabin Drive; and that, having accepted a portion of the width of that street, it accepted

---

[1] Title to Tract 2 is not in dispute. The County quitclaimed any interest it may have had in Tract 2 to Crew. Although the County now asserts it may be entitled to a sewer easement on Tract 2, and petitioners contend a sewer easement lies on Tract 4, petitioners stipulate that the County has a right to use the easement wherever it may lie.

[2] If the plat had been implemented precisely as it was drawn, Tract 1 would be on the corner of "Marietta Avenue" and "First Avenue" and lie within lots 21 and 22.

the entire width of that street. This argument would have merit if its premise were correct, i.e., if Collins had dedicated only one street to the County. See *State Highway Dept. v. Strickland*, 214 Ga. 467, 471 (105 SE2d 299) (1958) (where authorities use part of width of street, adverse possession of remainder cannot ripen into prescriptive title). However, the special master concluded that that was not the case and it cannot be said that his conclusion is clearly erroneous. See generally *Alexander v. DeKalb County*, 264 Ga. 362, 365 (3) (444 SE2d 743) (1994) (trial court's findings are reviewed under clearly erroneous standard).

"The requirements for dedication to public use are (1) an intention of the owner to dedicate and (2) acceptance of the dedication by the public. *Jergens v. Stanley*, 247 Ga. 543 (277 SE2d 651) (1981)." *Moreland v. Henson*, 256 Ga. 685, 687 (353 SE2d 181) (1987). An owner may dedicate her land to public use by an express or implied dedication. *Glass v. Carnes*, 260 Ga. 627, 632 (2) (398 SE2d 7) (1990). It is presumed that an owner has expressly dedicated streets to the public when she subdivides a tract of land and records a plat showing lots with designated streets. *Hobbs v. Ware County*, 247 Ga. 385 (1) (276 SE2d 575) (1981); *Young v. Sweetbriar*, 222 Ga. 262, 265 (149 SE2d 474) (1966). Inasmuch as Collins subdivided the land and recorded the subdivision plat, we must presume that she intended to dedicate the streets that were designated on the plat. However, the question remains: Did Collins intend to dedicate one thoroughfare encompassing Tract 3, Tract 4, and Log Cabin Drive? Or did she intend to dedicate more than one street?

Generally, extrinsic evidence cannot be used to contradict an owner's express intent to dedicate land. *Northpark Assoc. No. 2, Ltd. v. Homart Dev. Co.*, 262 Ga. 138, 141 (414 SE2d 214) (1992) . However, when a plat is ambiguous, parol evidence, the surrounding circumstances, and the subsequent conduct of the public, can be used to show the boundaries and extent of a dedication. Id.; 26 CJS 518, Dedication, § 49.

The subdivision plat purports to dedicate a street — "Marietta Avenue" — that is 200 feet wide. However, it shows the existence of an "electric car line" running down the middle of that street and it is silent on the dimensions of that right-of-way. Thus, the plat is ambiguous insofar as it fails to indicate the nature, boundaries and extent of "Marietta Avenue."

Looking beyond the plat, it would appear that Collins intended to dedicate two separate streets, one on either side of Tract 4. The plat was recorded five years after GREC condemned the trolley right-of-way. Thus, when Collins recorded the plat, she already knew that "Marietta Avenue" was to be separated by a 100 foot right-of-way. She could not have intended to dedicate an entire, undivided street when a 100 foot right-of-way went down the middle of it. After all, the trolley line precluded any use of Tract 4 as a public street. See

*City of Lubbock v. Merrill & Roberds*, 278 SW2d 254, 256 (Tex. App. 1955) (railroad and drainage ditches effectively prevented use of strip of land as public road). See also 26 CJS 488, Dedication, § 44 (c) (presumption that dedicated street will be used in the usual way).

The burden is on the party who relies on a dedication to prove the nature, boundaries and extent of the dedication. *Lines v. State of Ga.*, 245 Ga. 390, 392 (264 SE2d 891) (1980). Thus, the burden was on the County to prove that Collins intended to dedicate one, undivided right-of-way. The County failed to meet that burden. Even if the evidence did not demand a finding that Collins intended to dedicate more than one street, it did not demand a finding that Collins intended to dedicate only one street. See *Addison v. Reece*, 263 Ga. 631, 633 (436 SE2d 663) (1993).

2. Having determined that Collins intended to dedicate more than one street, i.e., Tract 3, in addition to Log Cabin Drive, we must next determine whether the County accepted Tract 3. See *Hames v. City of Marietta*, 212 Ga. 331 (3) (92 SE2d 534) (1956) (dedication requires acceptance).

The acceptance of a dedicated street can be express or implied. Implied acceptance may be shown by proof that the authorities assumed control of the dedicated street. *Young v. Sweetbriar*, 222 Ga. 262, 265 (1), supra; *Kelsoe v. Town of Oglethorpe*, 120 Ga. 951, 954 (2) (48 SE 366) (1904). Because the record is devoid of any evidence that the County exercised any control over Tract 3 for nearly 90 years, we must presume that the dedication of that tract was declined. See *Hames v. City of Marietta*, supra (failure to take control of dedicated land for 15 or 20 years leads to presumption that dedication was declined).

3. The County argues that notwithstanding the condemnation of Tract 4, Collins could have intended to dedicate whatever interest she had in that tract.[3] We disagree. A street cannot be dedicated to the public if the public cannot use the land. See *City of Lubbock v. Merrill & Roberds*, 278 SW2d 254, supra. As we noted in Division 1, Collins could not have intended to dedicate Tract 4 as a public road because the public was not able to use it.

4. The County failed to prove that Tracts 3 and 4 were dedicated to the public. It follows that Crew was able to establish title to those tracts by prescription. Compare *State Highway Dept. v. Strickland*, 214 Ga. 467, 471, supra.

*Judgment affirmed. All the Justices concur.*

---

[3] When GREC condemned Tract 4, it acquired an easement, not fee simple title. Code 1895, § 4683 (now OCGA § 22-2-85). Compare *Sadtler v. City of Atlanta*, 236 Ga. 396 (223 SE2d 819) (1976) with *City of Atlanta v. Fulton County*, 210 Ga. 784, 785 (3) (82 SE2d 850) (1954). GREC's interest reverted to Collins, her heirs or assigns, when Tract 4 was no longer used as a trolley line. Code 1895, § 4683 (now OCGA § 22-2-85).

A

B

DECIDED FEBRUARY 24, 1997.

*H. Gray Skelton, Jr.,* for appellant.

*Moore, Ingram, Johnson & Steele, John K. Moore, Sarah L. Bargo,* for appellees.