S98A0756. HALE et al. v. CITY OF STATHAM.
(504 SE2d 691)

FLETCHER, Presiding Justice.

This case involves an alley. Property owners Carl and Martha Hale sought both a declaratory judgment that the alley behind their lots was never dedicated to the city for public use and an injunction to prevent the city from opening the alley. The trial court granted summary judgment to the city, concluding that it exercised dominion

---

[8] *Bowers*, 266 Ga. at 895.
[9] *Boykin*, 295 U.S. at 243-244.
[10] See id. and *Bowers*, 266 Ga. at 895.

and control of the alley by removing the property from the tax rolls. Because the property owner presents evidence that raises disputed issues of material fact concerning whether the city exercised control over the alley, we reverse.

In 1950, Warner S. Hale's property between First Street and State Highway 211 in the City of Statham was surveyed and subdivided. A subdivision plat recorded in the superior court clerk's office shows a 20-foot alley running northeast from Elizabeth Street between six lots on Highway 211 and five lots on First Street. In 1991, Carl Hale executed a warranty deed to his wife Martha Hale for Lots 2, 3, and 4 on Highway 211 and Lot 6 on First Street as shown on the recorded plat of the Hale Subdivision, which the deed incorporated by reference. As a result, the deed does not include the property lying with the alley. The 1993 and 1997 tax maps indicate that the alley property is not taxed. Photographs show a house obstructing part of the alley facing Elizabeth Street and a garden, trees, and other vegetation growing in the alley further north.

Two criteria must be met before a public alley comes into existence by dedication: 1) the owner's intention to dedicate the property to public use, and 2) the public's acceptance of the property for that use.[1] When a property owner records a plat of land that is divided into lots and streets and lots are sold with reference to the plat, there is a presumption that the property owner expressly dedicated the streets and alleys to the public.[2] Based on this presumption, the trial court properly ruled that Warner Hale expressly dedicated the 20-foot alley to the city when he recorded the subdivision plat.

The remaining issue is whether the city accepted the alley shown on the plat. Acceptance may be express or implied.[3] A frequent way to show a city's acceptance of a street is by proving that the city worked, graded, or paved it.[4] Thus, we have concluded that a city impliedly accepted a dedication of an alley when the public used it for more than 30 years and the city worked and repaired it for many years.[5] Similarly, we found no acceptance when the city never worked or exercised ownership over a disputed portion of a street.[6] Although using or working the property is the usual method of show-

---

[1] *Waldrep v. Hall County*, 227 Ga. 554, 555 (181 SE2d 833) (1971).

[2] *Cobb County v. Crew*, 267 Ga. 525, 527 (481 SE2d 806) (1997).

[3] *Ross v. Hall County*, 235 Ga. 309, 310 (219 SE2d 380) (1975).

[4] *Adams v. Richmond County*, 193 Ga. 42, 48 (17 SE2d 184) (1941).

[5] See *Maddox v. Willis*, 205 Ga. 596, 597 (54 SE2d 632) (1949); *Savannah Beach v. Drane*, 205 Ga. 14, 15 (52 SE2d 439) (1949); see also *Ross*, 235 Ga. at 313 (implied acceptance found when county supervised road construction and repaired road for two years).

[6] *Owens Hardware Co. v. Walters*, 210 Ga. 321, 322 (80 SE2d 285) (1954); *Smith v. Gwinnett County*, 248 Ga. 882, 886 (286 SE2d 739) (1982) (county did not accept offers of dedication of recreation areas solely by approving plats when there is no evidence that county maintained property or the public used it).

ing acceptance, the broader question is whether the government accepted the dedication of property by exercising dominion and control of it.[7]

In this case, the evidence is disputed concerning whether the city accepted the property for public use. The city claims acceptance based on its failure to tax the property. Although exemption from taxation is one factor to consider in determining whether a government has exercised control over property, a tax map is insufficient as a matter of law to manifest acceptance.[8] Here, the Hales have presented an affidavit and photographs asserting that the public never used the alley as a passageway and the city never maintained the alley.[9] Because there is a disputed issue of fact concerning whether the city accepted the dedication of the alley shown on the plat, we reverse the grant of summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*N. David Wages,* for appellants.
*Russell, Stell, Smith & McLockin, Wayne D. McLockin,* for appellee.

---

[7] See *Teague v. City of Canton,* 267 Ga. 679, 681 (482 SE2d 237) (1997).

[8] See generally 26 C.J.S. Dedication, § 40 (1956) ("the mere omission of municipal authorities to assess for taxes land dedicated for public uses does not constitute an acceptance of the dedication").

[9] Cf. *Miller v. Wells,* 235 Ga. 411, 415 (219 SE2d 751) (1975) (finding a disputed issue of fact concerning whether designation of disputed strip of land as "reserved" on subdivision plat meant the owner intended to reserve use of the alley for himself only or for four lots of the subdivision).