S98A0957. CHANDLER et al. v. ROBINSON et al.
(506 SE2d 121)

SEARS, Justice.

Appellants Mitchell and Ann Chandler sought permission to use a road providing access between their Haralson County property and a county road. The road the Chandlers sought permission to use crosses property owned by appellees Bobby and Kendall Robinson, before it intersects with the county road. The Robinsons denied the Chandlers permission to use the portion of road located on the Robinsons' property, and the Chandlers filed suit. The trial court awarded summary judgment in the Robinsons' favor, and the Chandlers appeal. Having reviewed the record, we conclude that the Chandlers failed to establish that the road which they sought permission to use became a public road either by dedication or prescription. There being no material factual dispute to preclude the trial court's decision to enter summary judgment in appellees' favor, we affirm.

The Chandlers purchased their property in 1960, and resided on it until 1964. Thereafter, the property was rented until approximately 1981. Throughout this time, residents on the property used an unpaved road referred to as Clayton Drive in order to ingress and egress the Chandler property. On the one end, Clayton Drive terminates on the Chandler property. At the other end, Clayton Drive terminates at a county road, Jack Roberson Road. Between these two points, and for most of its length, Clayton Drive crosses property owned by the Robinsons.[1]

For approximately ten years prior to the Robinsons' purchase of their property in 1995, Clayton Drive was overgrown with trees and impassable to automobile traffic. For roughly eight of those years,

---

[1] The Robinson property actually is titled in the name of Robinson Fuel Stop, Inc. The Robinsons are officers of that company. In the trial court, the parties agreed that Robinson Fuel Stop, Inc. was the correct party defendant, and would be made a party to the action, if the action survived the parties' dual summary judgment motions.

Clayton Drive was blocked by a chain at the boundary between the Chandler and Robinson properties, and by a cable at its intersection with Jack Roberson Road. Evidence showed that these barricades were erected by a Chandler family member with the Chandlers' acquiescence. After acquiring the property, the Robinsons cleared Clayton Drive in order to make it passable for automobiles. The Chandlers then sought permission to use the road, which the Robinsons denied. The Chandlers filed suit against the Robinsons, the Haralson County Commissioner, and Haralson County, seeking mandamus and injunctive relief, as well as damages. On cross-motions for summary judgment, the trial court awarded summary judgment in favor of the defendants, and the Chandlers appeal, claiming that the roadway was acquired by the County either by dedication or prescription.

1. Two criteria must be established in order to show that property has been dedicated: (1) the owner's intention to dedicate the land for public use, and (2) the public's acceptance of the dedicated property.[2] In this case, there is no evidence that Clayton Drive was expressly dedicated to Haralson County. The Chandlers, therefore, assert several theories to support a claim that there was an implied dedication and acceptance of the roadway for public use.

First, the Chandlers point to evidence indicating that on several occasions before the Robinsons purchased their property, Haralson County workers performed maintenance on Clayton Road. However, that evidence also showed that the County has performed no maintenance work on Clayton Road for more than 25 years.[3] Evidence also revealed that before that time, it was customary for county workers to occasionally scrape and gravel a private driveway, and that this work was performed when road crews were working on a county road abutting a private drive, and only then at the property owner's request. Before a dedication of property will be implied by conduct, it must be shown that a property owner's acts clearly manifested an intention to dedicate the property for public use.[4] It is established that by permitting public authorities to occasionally scrape and grade a private road, a property owner does not manifest an intention to dedicate the roadway.[5] Thus, the trial court correctly con-

---

[2] *Hale v. City of Statham*, 269 Ga. 817 (504 SE2d 691) (1998); *Waldrep v. Hall County*, 227 Ga. 554, 555 (181 SE2d 833) (1971).

[3] Furthermore, as discussed above, it was shown that for more than ten years, Clayton Drive has been overgrown and impassable, and for at least eight of those years, access to Clayton Drive from Jack Roberson Road has been blocked by a chain. Hence, it is apparent that during the decade preceding the Robinsons' purchase of the property, no one performed any maintenance work on the roadway.

[4] *Dunaway v. Windsor*, 197 Ga. 705, 708 (30 SE2d 627) (1944).

[5] *Jackson v. Stone*, 210 Ga. App. 465, 467 (436 SE2d 673) (1993).

cluded that by requesting the County to perform occasional and customary maintenance on Clayton Drive, the Robinsons' predecessors did not implicitly dedicate the roadway for public use.

Second, the Chandlers claim that because Clayton Drive is depicted on a 1985 Department of Transportation road map of Haralson County, it has been established as a public roadway. However, with reference to the Code of Public Transportation,[6] this Court has held that a road's placement on an official highway map is "administrative . . . as between the state, counties and municipalities. Its purpose [is] not to ascertain and fix the status of the public right of use of every road in Georgia."[7] Hence, this evidence also fails to support a claim of implied dedication.

Finally, there was evidence introduced in the trial court that when the Robinson property has been sold in the past, surveys depicting Clayton Drive as traversing the property have been prepared and recorded as part of the closing documentation. However, this was merely done in accordance with the laws pertaining to the sale of real property, and do not evidence the Robinsons' predecessors' intention to dedicate the land for public use. "When an implied dedication is claimed, the facts relied on must be such as to clearly indicate a purpose on the part of the owner to abandon his personal dominion over the property and to devote [it] to a definite public use."[8]

Accordingly, we agree with the trial court that the undisputed facts, even when viewed in a light most favorable to the Chandlers, show an absence of genuine issue as to any material fact, and appellees were entitled to summary judgment as a matter of law on the claim that the roadway had been acquired by Haralson County via dedication.[9]

2. In order to obtain prescriptive rights over a roadway, the possession must not originate in fraud, must be public, continuous, exclusive, uninterrupted, peaceable, and accompanied by a claim of right.[10] The use must also be adverse rather than permissive, and in the case of public roads acquired by prescription, public authorities must have either accepted the road or exercised dominion over it.[11] Lastly, there must have been unlimited public use of the roadway for at least the seven years preceding the claim of prescriptive acquisition.[12] As explained above, Clayton Drive was both blocked and

---

[6] OCGA § 32-1-1 et seq.

[7] *Jordan v. Way*, 235 Ga. 496, 498 (220 SE2d 285) (1975).

[8] *Dunaway*, 197 Ga. at 707.

[9] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[10] See *Jordan*, 235 Ga. at 499.

[11] Id.

[12] OCGA § 32-3-3 (c).

impassable for approximately ten years prior to the Robinsons' acquisition of their property and clearance of the roadway. Thus, there could not have been continuous use of Clayton Drive by anyone for the requisite seven years before prescriptive acquisition was claimed. Furthermore, any use of Clayton Drive prior to that time would appear to have been permissive, and not adverse, insofar as the Chandlers sought permission to use the road once it had been cleared by the Robinsons.

Accordingly, we conclude that the undisputed facts, even when viewed in a light most favorable to the Chandlers, evidence an absence of genuine issue as to any material fact and that the appellees were entitled to summary judgment as a matter of law on the claim that the roadway had been acquired by Haralson County via prescription.[13]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*Dupree, Johnson, Poole & King, Hylton B. Dupree, Jr., A. Gregory Poole, Russell D. King,* for appellants.
*Richard C. Sutton, E. B. Jones, Jr.,* for appellees.