### A01A1803. YANCEY v. POE.
(562 SE2d 798)

BARNES, Judge.

Kyle Yancey sued Mickey Poe after Poe built a fence and erected a gate across a road providing the sole access to Yancey's property. Yancey contends that the trial court erred by granting summary judgment to Poe because the road on which the gate was placed is a dedicated public right-of-way. Because we find a genuine issue of

material fact exists as to whether the gate is located within the public right-of-way, we reverse.[1]

The record shows that in 1995, Poe executed a "Right of Way Deed" to Paulding County conveying fee simple title to 60 feet of land on either side of the centerline of County Road 376, also known as Gum Springs Road, between Electric Dam Road and the "dead end." On March 3, 1999, the county right-of-way coordinator wrote Poe a letter reciting that it had come to the county's attention that a gate had been erected across the county's right-of-way on Gum Springs Road in violation of county law. In August 1999, the county right-of-way coordinator again wrote Poe, this time stating that, "[b]ased upon much deed research and fieldwork," the surveyor hired by the county established that the county's right-of-way continues up to Yancey's property line. In March 2000, the Paulding County Director of Transportation testified on deposition that, in the Department's opinion, the Gum Springs right-of-way continues onto Yancey's property.

In December 2000, the trial court granted Poe's motion for summary judgment, holding that "no documents in evidence [show] a clear intent by the Defendant to abandon the property to the County government." Yancey claims the trial court erred in granting summary judgment to Poe and in denying his motion for partial summary judgment.

1. Poe argues that the appeal should be dismissed because it was untimely, and we will treat his argument as a motion to dismiss under Court of Appeals Rule 41 (c). Poe correctly points out that the notice was filed more than 30 days after the trial court entered the first summary judgment order, although, he concedes, less than 30 days after the entry of its amended order. The original order, after detailing reasons for granting summary judgment to Poe, concluded by granting *Yancey's* motion for summary judgment. The amended order differs only in stating that it is *Poe's* summary judgment motion that is granted.

The amended order did more than correct mere clerical errors or record some previously unrecorded action; it changed the parties' substantive rights. Therefore, we find that it extended the statutory period for filing a notice of appeal. *In the Interest of H. L. W.*, 244 Ga. App. 498 (535 SE2d 834) (2000). Accordingly, the appeal was timely because it was filed within 30 days of the amended order's entry.

2. "When reviewing the grant or denial of summary judgment, this Court conducts a de novo review of the law and the evidence,

---

[1] Yancey appealed to the Supreme Court of Georgia, which transferred the appeal here based on its conclusion that this case does not involve title to land or equity jurisdiction.

construing the evidence and all reasonable deductions therefrom in favor of the nonmovant." *Strozzo v. Coffee Bluff Marina Property*, 250 Ga. App. 212, 213 (1) (550 SE2d 122) (2001). Because we find that the phrase "dead end" contained in Paulding County's right-of-way deed is ambiguous, we do not reach the issue of whether the road was public before Poe deeded anything to the county.

"Two criteria must be established in order to show that property has been dedicated: (1) the owner's intention to dedicate the land for public use, and (2) the public's acceptance of the dedicated property." (Footnote omitted.) *Chandler v. Robinson*, 269 Ga. 881, 882 (1) (506 SE2d 121) (1998). Accord *MDC Blackshear, LLC v. Littell*, 273 Ga. 169, 170 (1) (537 SE2d 356) (2000). The plaintiff has the burden of establishing the boundaries of a public dedication. *Cobb County v. Crew*, 267 Ga. 525, 528 (1) (481 SE2d 806) (1997).

In *Chandler*, as in this case, the plaintiffs' suit arose from the defendants' denial of permission to use the portion of a road located on their property that provided access between a county road and the plaintiffs' property. The Court held, in part, that the plaintiffs failed to establish that the road had become a public road by dedication and that no material factual dispute precluded summary judgment in the defendants' favor. *Chandler*, 269 Ga. at 881. Here, unlike the situation in *Chandler*, a genuine issue of material fact exists regarding the extent of Poe's right-of-way grant to the county.

While Poe testified that it was his understanding that Gum Springs Road dead-ended at the southern end of the disputed tract, the county's director of transportation testified that the county understood "dead end" to mean the barrier Yancey had established at his property line. Moreover, a person's testimony about his intent is not conclusive, but "is to be considered with all the facts and circumstances of the case in determining the real intention of the witness." (Citations omitted.) *Hasty v. Wilson*, 223 Ga. 739, 750 (7) (158 SE2d 915) (1967). See also *Bowen v. Consolidated Mtg. &c. Corp.*, 115 Ga. App. 874, 876-877 (156 SE2d 168) (1967) ("A party may testify as to his intention. It is evidence to be considered, but the facts — all the facts — are to be considered, to arrive at the truth respecting his real motive.") (citations and punctuation omitted).

Finally, referring to the phrase "dead end" in Poe's right-of-way deed, Yancey stated in an affidavit that the road ended at his property line, where he had erected a barrier, and that when Poe executed the right-of-way deed, no obstruction blocked the road from its beginning to Yancey's property line. Accordingly, we hold that a genuine issue of material fact exists with respect to the meaning of the phrase "dead end" in Poe's right-of-way deed.

Yancey has also introduced evidence that the public has accepted the dedicated property, as required by *Chandler*, 269 Ga. at 882, in

the form of the letters from the county right-of-way coordinator to Poe. The coordinator stated in the first letter that an obstruction was blocking a county road on which the county was obliged to maintain access, and in the second letter that the right-of-way allowed Yancey access to his land. Therefore, Poe was not entitled to summary judgment on the ground that Yancey failed to establish that the county accepted the dedication. Further, because this question of fact exists, the trial court did not err in denying partial summary judgment to Yancey.

Accordingly, we reverse the grant of summary judgment to defendant Poe.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 22, 2002.

*Terence G. Kelly*, for appellant.
*Greenberg Traurig, Robert E. Spears, Jr., Michael J. King*, for appellee.

