# Court of Appeals
# of the State of Georgia

ATLANTA,   July 12, 2013

*The Court of Appeals hereby passes the following order:*

**A13I0270.   GOULDS PUMPS, INC. v. VERA LETHA ADAMS, THE SURVIVING SPOUSE OF PERRY WILSON ADAMS, DECEASED, et al.**

Goulds Pumps, Inc., a defendant in this toxic tort action, has filed an application for interlocutory appeal from the trial court's denial of its motion for summary judgment. The trial court denied the motion on June 3, 2013, and certified that order for immediate review on June 11. Subsequently, on June 19, the court entered an amended order denying the motion. The trial court never certified its amended order for immediate review.

In its application, Goulds Pumps challenges the trial court's rulings on (a) specific causation evidence and (b) the viability of its "bare metals" defense. The court addressed these issues only in its amended order; it did not address them at all in its original order. The plaintiffs moved to dismiss this application, arguing that this Court lacks jurisdiction to review the trial court's rulings on these issues because the court never certified its amended order for immediate review. We agree.

A party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. OCGA § 5-6-34 (b). If a party fails to meet this requirement, then his application is not valid and he must wait until final judgment to appeal. See *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). Although Goulds Pumps contends that the June 11 certificate is valid as to the June 19 order, its argument is not persuasive. First, the amended order had a substantive effect, as it did not merely correct a clerical error or record a previously unrecorded action, but, instead, addressed issues which were not

addressed at all in the earlier order. See, e.g., *Yancey v. Poe*, 254 Ga. App. 410, 411 (562 SE2d 798) (2002). Under these circumstances, the amended order was not merely an addition to the original order. Second, the certificate of immediate review refers only to the June 3 order; indeed, it was issued before the June 19 order was entered. Accordingly, it cannot be construed as a statement by the trial court that immediate review of the June 19 order should be had. See OCGA § 5-6-34 (b).

Because Goulds Pumps has failed to obtain a certificate of immediate review as to the trial court's June 19, 2013, order, we lack jurisdiction over this application. Accordingly, the plaintiffs' motion to dismiss is GRANTED, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/12/2013
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 , *Clerk.*