**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 1, 2026**

# In the Court of Appeals of Georgia

A26A0103. COBB COUNTY v. SOTIS.

WATKINS, Judge.

This appeal concerns a dispute between a landowner and Cobb County over rights to property that is serving as the landowner's driveway but which the County contends was previously dedicated and accepted for public use as a road. The trial court entered summary judgment for the landowner in her declaratory judgment action, and, for the reasons discussed herein, we affirm.

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in a light most favorable to the nonmoving party, demonstrates any genuine issue of material fact. Summary judgment is proper only when there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1]

So viewed, the record shows that Nicole Sotis purchased 2351 Hembree Drive in 2023. She subsequently acquired two adjacent parcels ("the subject property") via quitclaim deed. The subject property serves as the home's front yard and driveway, and it is now in disrepair and requires stabilization to continue serving as ingress and egress to the 2351 Hembree property. To resolve any uncertainty as to her rights regarding the subject property, Sotis filed a verified petition for declaratory judgment and injunctive relief. She asked the trial court to declare that the subject property is not a county road and to order the County to sign a corrective quitclaim deed. In response to Sotis's petition, Cobb County contended that the subject property is a public right-of-way by virtue of a subdivision plat that was recorded in 1954.

The land in question was once part of a larger tract owned by O. A. and J. O. Hembree. A subdivision plat recorded in 1954 ("the original plat") contains language consistent with express dedication of roads and was signed as "approved" by the chair of the Cobb County Planning Commission, though the plat was not signed by the

---

[1] *Gilbert v. Fine*, 288 Ga. App. 20, 21 (653 SE2d 775) (2007) (citations omitted).

developer. On this original plat, Holley Springs Road and Sewell Mill Road are depicted as named roads while two other roadways are depicted as "proposed road[s]."

Lot 53, now known as 2351 Hembree Drive, is the northwestern most lot depicted on the original plat. A 40-foot wide "proposed road" is shown at the southern end of the lot and is depicted as connecting to Holley Springs Road on the eastern portion of the tract. Subsequent deeds from the developer to owners, and from owners to subsequent owners, reference the original 1954 plat and describe Lot 53's southern border as tracing "a proposed road," which is consistent with the depiction on the original plat. It appears to be undisputed that neither the developer nor the County paved the entire proposed road; instead, the developer paved, and the County subsequently maintained, that roadway up to the western property line of Lot 51 — which was two lots to the east of Lot 53. The paved portion is now known as Hembree Drive. Where it crosses Lot 52 (the tract adjacent to 2351 Hembree Drive), the proposed road is, according to the County, "unimproved," and a recent professional land survey depicts an "asphalt driveway" for 2351 Hembree Drive in the area of the

original plat's "proposed road." The unimproved portion is the property at issue in this appeal.[2]

---

[2] More specifically, the record shows as follows. Sotis purchased the property known as 2351 Hembree Drive in May 2023. Around the same time, Sotis acquired, by quitclaim deed from Gerald Rice, property "lying in front of Lot 53." The deed from Rice to Sotis defined the property being conveyed as the property described in a 1984 quitclaim deed from the County to Rice, which included the following language:

> This deed is given for the purpose of acknowledging that the above-described property is not a county road, it has never been accepted by Cobb County as a part of the public road system, has never been opened, graded or maintained by the county as a public road, and the county does expressly waive any right to accept said road in the future[.]

In July 2023, a professional land surveyor completed a survey of the relevant area for Sotis. The survey, which is included in the record, depicts two concrete driveways from the residence at 2351 Hembree Drive merging into an asphalt driveway near the southern end of Lot 53 — where the "proposed road" was shown on the original plat — which asphalt driveway continues eastward through two pairs of rebar sets. Although Lot 52 is not delineated as such on the survey, based on the location of rebar and other markings, it seems that the asphalt driveway continues from Lot 53 across Lot 52 to Lot 52's eastern edge.

After the survey was performed, Sotis acquired, from the surviving heir of the tract's original owners, property located immediately to the southeast of Lot 53. According to that deed, the property being conveyed included areas that were delineated on the 2023 survey as proposed drive and access easements for Lot 53. Again, although the deed does not specifically refer to Lot 52, it seems that this conveyance included land within the area shown as "proposed road" at the southern edge of Lot 52 in the original plat.

As support for its position that the subject property is a public right-of-way, the County pointed to the original 1954 subdivision plat itself, arguing that (a) the original plat expressly dedicated the proposed road and (b) the County accepted that grant in its entirety when it improved any portion of the street. Sotis, however, insisted that the original plat was ambiguous and argued that the trial court should therefore look beyond the plat to determine the boundaries and extent of the dedication. She further contended that the subsequent title history constituted overwhelming evidence that the subject property was never a road and was never dedicated or accepted. In support of her position, Sotis presented, inter alia, an affidavit executed by a title examiner who evaluated the relevant title documents and ultimately concluded that

> [t]he Original Plat found at Plat Book 12 Page 59 is ambiguous on its face when it used the phrase "proposed" in front of unnamed roads. Furthermore, as described, several other documents in the chain of title confirm that the Original Plat did not serve to dedicate any roadways, right of ways, or easements rights along what is now known as Hembree Drive.

The trial court ruled in favor of Sotis, and, after the court entered its summary judgment order, the County filed this appeal.

According to the County, "[t]here is only one issue for this Court to address [in this appeal]: [w]hether the Superior Court erred when it did not find an express dedication and acceptance by Cobb of Hembree Drive." We conclude that the trial court did not err.

"The burden is on the party who relies on a dedication to prove the nature, boundaries and extent of the dedication."[3]

"A public dedication requires an offer, either express or implied, by the grantor, and an acceptance, either express or implied, by the public."[4] The recording of a subdivision plat showing lots with designated streets raises a presumption of express dedication,[5] and "[g]enerally, extrinsic evidence cannot be used to contradict an owner's express intent to dedicate land. However, when a plat is ambiguous, parol evidence, the surrounding circumstances, and the subsequent conduct of the public[] can be used to show the boundaries and extent of a dedication."[6]

---

[3] *Cobb County v. Crew*, 267 Ga. 525, 528(1) (481 SE2d 806) (1997).

[4] *MDC Blackshear, LLC v. Littell*, 273 Ga. 169, 170(1) (537 SE2d 356) (2000).

[5] *See Hobbs v. Ware County*, 247 Ga. 385, 385(1) (276 SE2d 575) (1981); *Ross v. Hall County Bd. of Comm'rs*, 235 Ga. 309, 311 (219 SE2d 380) (1975).

[6] *Crew*, 267 Ga. at 527(1) (citations omitted).

Here, we agree with the trial court that the original plat was, on its face, ambiguous as to the nature and extent of the intended dedication of the property at issue in this appeal. Crucially, although the plat identified some areas of the tract as named roads, it depicted the subject property merely as a "proposed road." Considered in context, the use of the word "proposed" creates an ambiguity as to whether the grantor intended to dedicate that entire area of land through the recording of the original plat. Moreover, while the plat includes a statement dedicating "all roads" to public use, it appears to be undisputed that the subject area was not a "road" at the time the original plat was recorded.

To resolve this ambiguity, the trial court appropriately considered evidence beyond the plat itself.[7] And such evidence clearly demonstrated that, for decades, the area at issue in this appeal was not viewed as having been expressly dedicated by the grantor and accepted by the County by virtue of the recording of the original plat.

For example, subsequent plats — including plats recorded in 1962 and 1976 — depict other areas that were shown as a "proposed road" on the original plat as a named road and include dedication language. According to the title examiner,

_____

[7] See *Crew*, 267 Ga. at 527(1).

although the 1962 and 1976 plats do not depict the area at issue in this appeal, they nonetheless "demonstrate[ ] that other areas marked as 'proposed road' on the Original Plat were developed and the roadways shown were dedicated and accepted via subsequent plat." Indeed, the original plat itself bears a handwritten note cross-referencing the 1976 plat. The note, which was apparently added by the clerk of court after the plat was recorded, states: "For Affidavit – See Deed Book 1829 Page 336[.]" The referenced document, which was recorded in 1977, is an attorney's affidavit and accompanying letter from the Cobb County Engineer regarding "a proposed road as shown on [the Original Plat]." In the accompanying letter, the County Engineer stated:

> This letter is written to certify that with regard to the [proposed 40-foot right-of-way on the original 1954 plat], Cobb County acknowledges that the road was never opened or accepted, nor has been maintained as a road, and that no right-of-way is claimed by the county over said 40-foot strip of land. Your attention is directed to the most recent plat of said property as re-subdivided, recorded in Plat Book 67, page 5, Cobb County Records [("the 1976 plat")].

Additionally, in 1980, the County obtained an easement over the subject property from an individual landowner to create and service a sewer line. As the title

8

examiner opined, the fact that the County obtained this easement from an individual suggests that the County did not consider the land to be part of a public right-of-way.

And in 1984, the County recorded a quitclaim deed regarding "a part of the 40-foot right-of-way of Hembree Road (unimproved) lying in front of Lot 53[.]" This document, which was signed by the Chair of the County Board of Commissioners, stated:

> This deed is given for the purpose of acknowledging that the above-described property is not a county road, it has never been accepted by Cobb County as a part of the public road system, has never been opened, graded or maintained by the county as a public road, and the county does expressly waive any right to accept said road in the future and does not now claim said road for part of the road system of the county.

In support of its position that dedication and acceptance occurred, the County notes that various recorded deeds have referenced the original subdivision plat and argues that this means purchasers have acquired property interests related to the roadways depicted on that plat.[8] But those purchasers acquired their rights with notice

---

[8] See *WS CE Resort Owner, LLC v. Holland*, 315 Ga. 691, 696-97(2) (884 SE2d 282) (2023) (summarizing case law and noting that "because the plat in these cases is a graphical representation of the plan the purchaser is buying into, [Georgia law has] recognized that the grantees who buy with express reference to the plat have acquired an easement in the streets or parks designated on the plat as effectively as if the deed

that the road was "proposed." And as discussed above, for some period of time (perhaps since 1977), the plat has cross-referenced an affidavit in which the County Engineer unequivocally stated that the County did not recognize a "proposed road" depicted on that plat as a public road. Thus, to the extent a deed's reference to a previously recorded plat might, speaking very broadly, be viewed as reiterating what is shown in the plat,[9] these documents must also be treated as reiterating the County Engineer's statement.

Ultimately, under the circumstances of this case, the County has failed as a matter of law to carry its burden of establishing that the property at issue in this appeal was dedicated and accepted for use as a public road. We therefore affirm the trial court's grant of summary judgment to Sotis.

*Judgment affirmed. McFadden, P. J., and Padgett, J., concur.*

---

had specifically granted it[ ]" (citations and punctuation omitted.)).

[9] See id.